DOMINICK ORLANDO, Respondent, *v.* MANHATTAN FIRE & MARINE INSURANCE COMPANY, Appellant.

First Department, June 11, 1943.

, *J. Neil Senecal* of counsel (*Gregory S. Rivkins* with him on the brief; *Hill, Rivkins & Middleton*, attorneys), for appellant.

*Louis Braun* for respondent.

CALLAHAN, J. The action is upon an insurance policy. Plaintiff was the owner of an excavating shovel. He was insured against damage caused to the shovel during transportation. The pertinent provision of the policy is found in a paragraph thereof which provides coverage against: " (c) Collapse of bridges; collision, derailment or overturning of conveyances while the insured property is being transported thereon."

Upon the return of a motion by plaintiff for summary judgment, the parties submitted an agreed statement of facts and stipulated that the question submitted to the court was as follows: " Is the defendant liable to the plaintiff for the loss and damage sustained by the plaintiff as hereinbefore set forth, under the clause and provision set forth   *   *   *?"

The parties further stipulated that if said question were answered in the affirmative, then judgment was to be entered in favor of plaintiff for $500, and if the question were answered in the negative, judgment was to be rendered in favor of defendant. In either event, judgment to be without costs.

At the time that the shovel was damaged it was being transported from the District of Columbia to an airport in the State of Maryland. It was being moved on a platform trailer consisting of a wooden platform mounted and suspended on a wheel carriage. The width of the trailer was eight feet. It was equipped with a flap on either side of the platform which when opened increased the width of the platform to ten feet, or only four inches less than the width of the shovel, which was ten feet and four inches in width. The shovel was being supported by the platform and flaps. During the course of transportation, the flap on the right side broke, causing the shovel, which was in part resting on said flap, to tilt and slip and fall from the trailer to the ground.

The precise question presented is whether such occurrence was an "overturning of conveyances" within the meaning of the policy.

It is our view that there was no overturning of the conveyance (the trailer) merely because the flap or added width of the platform broke off on one side, even assuming that the flap was part of the platform and the material of which this flap was constructed did overturn as it fell to the ground. The equilibrium of the conveyance (the trailer) was not disturbed in any way so that it could not be said to have overturned, the accident being due solely to the collapse or breakdown of the flap on the edge of the trailer platform.

The determination of the Appellate Term and the order and judgment of the Municipal Court should be reversed, with costs in this court and in the Appellate Term, and the complaint dismissed on the merits, without costs.

DORE, J. (dissenting). Defendant drew the contract and it should be construed most strictly against defendant. If the trailer had tilted, e. g., by reason of a soft shoulder in the road, and the shovel had slipped off, that would be an overturning within the meaning of the policy even though the whole truck did not overturn. (*Ingalls, Inc.,* v. *Hartford Fire Ins. Co.,* 137 Cal. App. 741; *Moore* v. *Western Assur. Co.,* 186 S. C. 260.) Here the shovel was caused to tilt and concededly fall from the conveyance because the part of the conveyance that was effectively supporting it gave way, no longer remained on an even plane but tilted and overturned causing the damage complained of. Reasonably construed with regard to transportation insurance that was a risk that should be said to be fairly covered by the policy.

Accordingly, I dissent and vote to affirm the determination of the Appellate Term.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur with CALLAHAN, J.; DORE, J., dissents and votes to affirm, in opinion.

Determination of the Appellate Term and the order and judgment of the Municipal Court reversed, with costs to the appellant in this court and in the Appellate Term, and the complaint dismissed on the merits, without costs.