377 P.2d 499

A. M. HAFEY and Barney Decora, d/b/a B A M Investment Company, a Partnership, Plaintiffs and Respondents,

v.

PAUL HAVENS COMPANY, a corporation, Defendant and Third-Party Plaintiff and Respondent,

v.

NEW ZEALAND INSURANCE COMPANY, a corporation, Third Party Defendant and Appellant.

No. 9692.

Supreme Court of Utah.

Jan. 8, 1963.

Hanson & Baldwin, Merlin R. Lybbert, Salt Lake City, for appellant.

Kastler & Crawford, Golden W. Robbins, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment in a case tried to the court, involving damage to a building being moved under contract between Hafey, owner, and Havens, house mover, the latter being insured for $5,000 by New Zealand

against damage occasioned by an "overturning" of the equipment used. Affirmed. Costs to Hafey against Havens. Havens to have costs against New Zealand only as incurred against the latter.

The building was to be transported over a rather tortuous route in mountainous country. Cribbing at turns was necessary and apparently successfully accomplished. After negotiating one of the turns and while moving on a black-top country road, the house, mounted on dollies having a width on a road having about the same width as the rolling equipment,—or less, depending on what might be concluded on contradictory testimony, was damaged when it and one of the dollies and a supporting wooden beam found themselves in an angular, as distinguished from a horizontal position, in a 12 to 14 foot barrow pit.

 Reviewing the facts under customary rules of appeal, and without detailing the voluminous record, we conclude that the trial court had before it ample evidence to justify its finding that the mover, Havens, caused the tipping and landing in the barrow pit,[1] and concluding that there was negligence in the process; that the mover was liable for the damage, but was reimbursable by New Zealand up to $5,000.

As to the contention that the court applied the wrong measure of damages, we disagree and conclude that its decision in this respect was correct.[2]

 As to New Zealand's contention that there was no "overturning" for which it could be held responsible under a more or less standard "overturning"[3] policy provision, we think that under the facts of this case,—not without controversion, viewed more favorably to plaintiff, compels the conclusion that this case requires affirmation of the trial court's determination of insurer's liability for overturning, and that it is not comparable factually to the cases relied on by New Zealand.[4]

McDONOUGH, CALLISTER, CROCK-ETT, and WADE, JJ., concur.

1. See Jack v. Standard Marine Ins. Co., Ltd., of Liverpool, England, 33 Wash.2d 265, 205 P.2d 351, 8 A.L.R.2d 1426 (1949).

2. Park v. Moorman Mfg. Co., 121 Utah 339, 241 P.2d 914, 40 A.L.R.2d 273 (1952).

3. Footnote 1, supra.

4. Orlando v. Manhattan Fire & Marine Ins. Co., 266 App.Div. 319, 42 N.Y.S.2d 228; Old Colony Ins. Co. v. Anderson, 10 Cir., 246 F.2d 102; Chemstrand Corp. v. Maryland Casualty Co., 266 Ala. 626, 98 So.2d 1 (1957); Crowley v. New Hampshire Fire Ins. Co., 100 N.H. 477, 130 A.2d 276.