Vern WILLIAMS, Plaintiff-Appellee,

v.

Douglas K. NIESEN, Defendant, Third-Party Plaintiff and Appellee,

v.

GREAT WEST CASUALTY COMPANY, Third-Party Defendant and Appellant.

Civ. No. 9378.

Supreme Court of North Dakota.

Dec. 28, 1977.

Tenneson, Serkland, Lundberg & Erickson, Ltd., Fargo, for third-party defendant and appellant; argued by Jack G. Marcil, Fargo.

Vogel, Vogel, Brantner & Kelly, Fargo, for plaintiff and appellee.

Johnson, Milloy, Johnson, Stokes & Robinson, Ltd., Wahpeton, for defendant and third-party plaintiff and appellee Douglas K. Niesen; A. Warren Stokes, Wahpeton, submitted the case on briefs without oral argument.

PAULSON, Judge.

This is an appeal by the third-party defendant, Great West Casualty Company [Great West], from the judgment of the Ransom County District Court entered on June 20, 1977.

The plaintiff, Vern Williams, sued the defendant, Douglas K. Niesen, for damages incurred by the alleged negligent operation of a truck driven by Niesen's employee causing injury to some of Williams' cattle which were being transported to market in the truck. Niesen, in turn, filed a third-party complaint against Great West alleging that he was insured against his liability, if any, under an insurance contract issued to him by Great West.

The facts of the case are not in dispute on appeal. Niesen dispatched a trailer truck and driver to Williams' farm, on April 8, 1975, to transport some of Williams' cattle to market. Niesen's truck had a double-decked trailer into which one hundred and one head of Williams' cattle were loaded that day. Approximately half of the cattle were loaded onto the top deck and the remaining cattle were loaded onto the bottom deck. After the truck was loaded, the driver proceeded out of Williams' driveway. As the driver attempted to negotiate a left turn, approximately one-half mile from the Williams' farm, the left wheels of the trailer slid into the ditch, causing the trailer to tilt at a forty-five degree angle or more. The right wheels of the tractor were raised off the ground. The truck driver testified, through his deposition, that as a result of the trailer's tilting "the trailer, it opened up, kind of like a watermelon. . . . And the trailer give and the top deck fell down on top of the others." He further testified that the tractor portion of the truck was probably the only thing which kept the trailer from tipping completely over on its side. When the top deck collapsed all of the cattle were dumped to the lower deck. As a result some of the cattle were seriously injured and others were killed. After the cattle were unloaded, two tractors were used to pull the truck-tractor into a position where its right wheels once again rested on the ground. All parties at the trial stipulated that Williams incurred damages in the amount of $4,240.84.

The trial court concluded that the truck driver had caused the injury to the cattle by his negligent operation of the truck. Judgment was rendered against Niesen in the amount of the stipulated damages of $4,240.84. The trial court also interpreted the insurance policy between Niesen and Great West which contained a clause insuring Niesen against liability for loss or damage caused by an "overturning of the vehicle". The court concluded that the injury to the cattle was proximately caused by an "overturning" within the context of the

insurance policy. Accordingly, Great West was ordered to pay the entire judgment entered against Niesen, together with costs.

The sole issue raised by Great West on this appeal is whether the trial judge erred in his interpretation of the provision in Niesen's insurance policy providing coverage against liability for loss or damage caused by an "overturning of the vehicle". Great West asserts that there was no "overturning" of the trailer truck within the coverage provided in the policy. Great West further asserts that the injury to the cattle was caused by the collapse of the top deck and since Niesen did not carry deck collapse insurance at the time of the incident his insurance policy did not cover his liability to Williams.

■■■ The construction of a written contract to determine its legal effect is a question of law for the court to decide. *Metcalf v. Security International Ins. Co.,* 261 N.W.2d 795 (N.D.1977); *Floyd v. Ring Const. Corp.,* 165 F.2d 125 (8th Cir. 1948). Thus, the trial court's interpretation of the insurance contract between Great West and Niesen involved a question of law, and this court will independently examine and construe the insurance contract to determine whether the trial judge erred in his interpretation of that contract.

The decisions we have found which have construed insurance policies insuring against loss caused by an "overturning" of a vehicle have concluded, without exception, that a complete overturning of the vehicle is not required, and that the insurance coverage applies whenever the damage is caused by a loss of equilibrium of the vehicle. *Aetna Casualty & Surety Co. v. Electronic Explorations, Inc.,* 403 S.W.2d 480 (Tex.Civ.App.1966); *Hafey v. Paul Havens Company,* 14 Utah 2d 77, 377 P.2d 499 (1963); *Chemstrand Corp. v. Maryland Casualty Company,* 266 Ala. 626, 98 So.2d 1 (1957); *Employers Liability Assur. Corp. v. Groninger & King,* 299 S.W.2d 175 (Tex.Civ. App.1957); *Mercury Ins. Co. v. Varner,* 231 S.W.2d 519 (Tex.Civ.App.1950); *Jack v. Standard Marine Ins. Co.,* 33 Wash.2d 265, 205 P.2d 351 (1949); *Moore v. Western As-sur. Co. of Toronto, Canada,* 186 S.C. 260, 195 S.E. 558 (1938); *Carl Ingalls, Inc. v. Hartford Fire Ins. Co.,* 137 Cal.App. 741, 31 P.2d 414 (1934). *See, also,* Annot., 8 A.L. R.2d 1933 (1949).

In the case of *Employers Liability Assur. Corp., supra,* a trailer truck was transporting a caterpillar tractor. As the driver was executing a right turn he swerved to his right to avoid a collision with an oncoming car. The slope of the road toward the left, together with the truck's swerve to the right and sudden stop, caused the truck to tip to the left and its right wheels to momentarily leave the ground. As a result, two of the chains securing the caterpillar tractor broke and the caterpillar tractor fell to the road, sustaining extensive damage. The Texas Court of Civil Appeals held that this incident constituted an "overturning" within the coverage of an insurance policy which insured against "overturning of conveyance while the insured property is being transported thereon".

In *Moore, supra,* the right wheels of a truck loaded with fruit sank into the soft shoulder of the road to the axles, a depth of two or three feet. The tilting caused the fruit to shift its weight, thereby breaking the sideboards of the truck. A considerable portion of the fruit fell to the ground and was damaged. The South Carolina Supreme Court held that there had been an "overturning" within the coverage of the insurance policy, and the insurance company was required to pay for the damage to the fruit.

In *Hafey, supra,* a house was being transported over a "tortuous route in mountainous country" when the house, one of the dollies, and a supporting wooden beam became situated in an angular—as distinguished from a horizontal—position, causing damage to the house. The Utah Supreme Court held that there had been an "overturning" within the coverage of the insurance policy.

■■■ It is well established in North Dakota that any ambiguity or reasonable doubt as to the meaning of an insurance

policy is to be construed strictly against the insurer and in favor of the insured; and if language in a policy will support an interpretation which will impose liability on the insurer and one which will not, the former interpretation will be adopted. *Henson v. State Farm Fire and Casualty Co.*, 252 N.W.2d 200 (N.D.1977); *Mills v. Agrichemical Aviation, Inc.*, 250 N.W.2d 663 (N.D. 1977). An insurance policy, as an adhesion contract drawn by the company, must be construed most strongly against the insurance company. *Hughes v. State Farm Mutual Auto Ins. Co.*, 236 N.W.2d 870 (N.D. 1976). These rules regarding the construction of insurance policies, and the previously cited decisions in which the term "overturning" was construed, serve as useful guidelines for the construction of Niesen's insurance policy in the instant case.

■ We construe the provision in that policy which insures against liability for loss or damage caused by an "overturning of the vehicle" as insuring against that damage or loss to the insured goods caused by the loss of equilibrium of the vehicle regardless of whether or not there is a complete turning over of the vehicle.

■ The facts in the instant case are undisputed that the left wheels of the trailer slid into the ditch causing the trailer to tilt at a forty-five degree angle or more and causing the right wheels of the tractor to leave the ground. It is also undisputed that it was the tilting of the trailer that caused the top deck to collapse, which resulted in the injury to the cattle. During the oral argument on this appeal the attorney for Great West agreed that there had been a tilting and a loss of equilibrium of the trailer. We conclude the liability incurred by Niesen as a result of this incident was covered under Niesen's insurance policy, insuring him against liability for damage caused by an "overturning of the vehicle". We hold that the trial court did not err in its interpretation of the insurance contract. For reasons stated in this opinion, the judgment of the trial court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.