765 F.2d 753
 Clarence A. KRESSE, John A. Rilling, Special Administrator
for the Estate of Daniel Dean Wolf, deceased, and
Renee Wolf, individually, Appellants,
v.
The HOME INSURANCE COMPANY, Appellee.
Burlington Northern Railroad Company, Amicus curiae appellant.
 No. 84-2609.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 15, 1985.
Decided June 28, 1985.
 
 Mervin Nordeng, Fargo, N.D., for appellants.
 Jeffrey R. Hannig, Moorhead, Minn., for appellee.
 Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 HEANEY, Circuit Judge.
 
 
 1
 Clarence A. Kresse, John A. Rilling (Special Administrator for the Estate of Daniel Dean Wolf, deceased) and Renee Wolf, (collectively "Kresse"), brought a diversity action in the United States District Court for the District of North Dakota seeking a declaration of insurance coverage under the Business Auto Policy issued to Cass County, North Dakota, by the Home Insurance Company (hereinafter "Home"). Following cross motions for summary judgment, the district court granted Home's motion for summary judgment and ordered judgment on Home's behalf, finding that Kresse was not insured under the policy. For reversal, Kresse argues that the district court erred in its interpretation of the meaning of the term "hired auto" as used in Home's insurance policy. In addition, Kresse seeks reversal of the district court's refusal to permit discovery of information relating to premiums assessed to other similarily situated insureds. We reverse in part, affirm in part, and remand for trial.
 
 FACTS:
 
 2
 At approximately 2:15 p.m. on July 17, 1981, at the intersection of Cass County No. 1 and Burlington Northern Railroad Company's (hereinafter "BN") trackage a collision occurred between a BN freight train and a truck operated by Daniel Dean Wolf, and owned by Clarence A. Kresse. At the time of the collision, the truck was hauling gravel for Cass County, North Dakota. As a result of the collision, Daniel Wolf died, Aloys Wawers (a train crewman) claims to have been injured, the BN train was derailed and extensively damaged, and the Kresse truck was destroyed. BN brought suit against Kresse, Cass County, the estate of Daniel Wolf and Renee Wolf (Daniel's mother) seeking $3,000,000 in damages. Aloys Wawers brought suit against BN, Kresse, Wolf's estate, and Cass County for injuries in the amount of $450,000.
 
 DISCUSSION:
 
 3
 In reviewing the district court's denial of coverage by granting Home's motion for summary judgment, all facts and reasonable inferences drawn from the facts must be viewed in a light most favorable to Kresse. Mandel v. United States, 719 F.2d 963, 964 (8th Cir.1983); Portis v. Folk Construction Co., 694 F.2d 520, 522 (8th Cir.1982). Summary judgment may be granted only when there is no genuine issue of material fact and the moving party has proved he or she is entitled to judgment as a matter of law. Mandel, 719 F.2d at 965; Ralph's Distributing Co. v. AMF, Inc., 667 F.2d 670, 672 (8th Cir.1981); Fed.R.Civ.P. 56(c). After a careful review of the record, we find that Home is not entitled to summary judgment.
 
 
 4
 The issue before this Court is whether the Kresse truck was, as a matter of law, "hired" by Cass County within the meaning of the Home insurance policy. To reach a conclusion on this issue requires both analysis of the facts and interpretation of the legally operative meaning of the word "hire." Home's policy provides coverage for any permissive user of an automobile "hired" by the named insured, Cass County. Home chose not to define the term "hire" or "hired auto" within its policy, and under North Dakota law, words of a contract are to be understood in their ordinary and popular sense unless a special meaning is given to them by usage. N.D.Cent.Code Sec. 9-07-09. When an insurer fails to define a coverage term, it is not entitled to a strict or limited definition that differs from the ordinary definition in order to avoid providing coverage. Wall v. Pennsylvania Life Ins. Co., 274 N.W.2d 208, 217 (N.D.1979). Furthermore, when one interpretation of an insurance policy provision will impose liability on the insurer and another will not, the interpretation favorable to the insured will be adopted. Id., at 215; Williams v. Niesen, 261 N.W.2d 401, 404 (N.D.1977).
 
 
 5
 This Court has been presented with several definitions of the term "hired auto." Kresse urges adoption of the definition provided in 7 Am.Jur.2d, Automobile Insurance Sec. 245:
 
 
 6
 The term generally is used to mean a vehicle owned by someone other than the insured which is leased by the insured pursuant to a lease agreement which calls for the owner to provide not only the vehicle, but also a driver for that vehicle while it is being used in the insured's business.
 
 
 7
 Home claims the proper definition is contained in Webster's Third New International Dictionary (Unabridged ed. 1971), which states: "[A] hired auto under the policy is one whose temporary use has been engaged for a fixed sum." This definition was applied by the court in Kasten Construction Co. v. Rod Enterprises, 268 Md. 318, 329, 301 A.2d 12, 18 (1973). Another definition of "hired auto" is as used by Home in its policy which was in dispute in Juve v. Home Indemnity Co., 301 N.W.2d 554, 556 (Minn.1981): "[A]n automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured." Absent an express definition within the policy, we conclude that the term "hired auto" is ambiguous.
 
 
 8
 From the facts it is clear that a contract existed between Cass County (the named insured) and Kresse. Cass County through its Road Superintendent's letter of May 5, 1981 extended an offer to Kresse and other gravel haulers, as had been the practice for some twenty years. Kresse accepted through performance in full compliance with the detailed rules of the County's letter. In this letter, the County refers to the gravel hauling trucks as "hired trucks," and the drivers are referred to as "hired truck drivers." Home argues that these terms have no legal significance, but is unable to cite controlling authority. There is no dispute that Kresse provided the County with the use of his truck and a driver in exchange for monetary consideration. Additionally, the county determined the route to be used and had the right to dismiss any driver that deviated from it. The trucks had specified hours of operation determined by the county. The County loaded the trucks and supervised the unloading. All truck owners were required to maintain a good credit rating and to provide proof of insurance coverage for the vehicles.
 
 
 9
 The agreement between Cass County and Kresse did not expressly provide for the hiring of a specific truck. The district court held and Home argues that the term "hired auto" was meant to provide coverage to the County only on vehicles the County might specifically hire. Leaving aside the general tendency of courts to construe coverage clauses broadly in favor of the insured, Applegren v. Milbank Mutual Ins. Co., 268 N.W.2d 114, 118 (N.D.1978), under the facts, Kresse argues that his truck was specifically hired. Kresse's truck's hauling capacity was measured by the County at the beginning of the season. Once measured, Kresse was required to use the specific truck for the entire hauling season. A reasonable person in the position of the insured, could conclude that the Kresse truck was "hired" under the policy. The district court erred in finding that "there are no facts in the case from which a reasonable person could conclude that Cass County hired the trucks necessary to move the gravel." We hold, that on the record, Home has failed to prove an absence of a genuine issue of material fact regarding the dispute over whether the Kresse truck was "hired" and therefore is not entitled to summary judgment.
 
 
 10
 Upon the record as presented we conclude, with respect to the issue of discovery, that the district court did not abuse its discretion in granting the protective order of September 7, 1983. On this issue we affirm based on the memorandum and order of the district court. See 8th Cir.R. 14.
 
 
 11
 Accordingly, the judgment of the district court is reversed in part, affirmed in part, and remanded in part consistent with this opinion.