Joseph D. HUSBANDS, Jr., Plaintiff,

v.

ECONO THERM ENERGY SYSTEMS CORPORATION, Defendant.

Civ. No. 4–85–372.

United States District Court, D. Minnesota, Fourth Division.

Aug. 4, 1986.

Robert Bennett, Bennett, Ingvaldson & McInerny, P.A., Minneapolis, Minn., appeared on behalf of plaintiff.

J. Dennis O'Brien, LeFevere, Lefler, Kennedy, O'Brien & Drawz, Minneapolis, Minn., appeared on behalf of defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Joseph D. Husbands, Jr. brought this action against defendant Econo Therm Energy Systems Corporation (Econo Therm), alleging age and handicap discrimination. He seeks compensatory and punitive damages, as well as attorney's fees and reinstatement. Jurisdiction is alleged under 28 U.S.C. §§ 1331, 1334, 1337, and Section 7(c)(1) of the Age Discrimination in Employment Act (ADEA), as well as under pendent jurisdiction. The matter is now before the court upon defendant's motions for summary judgment and to amend its answer to include a statute of limitations defense.

*Background*

The relevant facts are essentially undisputed. Plaintiff was employed by Econo Therm, a publicly held corporation, in various supervisory positions from March of 1961 until April 16, 1984 when he was terminated at age 60. Prior to plaintiff's termination, controlling ownership of Econo Therm was sold to Braden Steel Corporation (Braden) in March 1984. Plaintiff and many others, including all division heads, were terminated by the new ownership and management staff in April, 1984 as part of a retrenchment and reorganization effort. Defendant asserts that the termination was made necessary by the poor financial condition of Econo Therm. Plaintiff claims that his termination was the culmination of a continuing pattern of discriminatory employment decisions which began in August of 1983.

In June of 1983, when plaintiff was 59 years old, he suffered a heart attack which caused him to be absent from his position as manager of Econo Therm's Incineration Division for two months. He was replaced in his position by William Foreman, who was approximately 50 years old. Upon plaintiff's return to work in August 1983, he was assigned to perform special projects within the Incineration Division at the same salary and benefits. He retained the title of Vice President. Plaintiff states that Mr. Myers, Chief Executive Officer, told him not to worry about the change in job titles and that there were, and always would be, duties for plaintiff to perform in the Incineration Division. Plaintiff also states that he informed Myers of his dissatisfaction with his new role and that he wished to take on further duties and responsibilities.

Plaintiff notes that several positions for which he was qualified came up in early 1984. Both were filled by men younger than he. The position of Manager of the Incineration Division, his old job, was filled by Gary Schatz, approximately age 55, and Arleigh Walker, approximately age 50.

Prior to the change in ownership plaintiff and Econo Therm signed an employment agreement which provided that plaintiff would continue to receive all wages and other benefits for a six-month period regardless of his employment status after the purchase of controlling ownership by Braden. Husbands signed the agreement and was paid for five months after his termination.

The change in ownership occurred on March 19, 1984. Schatz and Walker were terminated as managers of the Incineration Division on March 23. The position was filled by Dennis Hainley, then 29 years old. Plaintiff continued to work on special projects until April 16, when Hainley allegedly informed him that he was terminated because the "company could no longer afford him." Hainley denies making that statement; he asserts that he told plaintiff that he did "not have a place for you [plaintiff] in the organization and we need to cut our overhead." Hainley aff. at 2. After plaintiff's termination, the special projects that he had performed were taken over by Hainley and other employees in the Incineration Division. Subsequently, one-fourth of the workers in the division left, either voluntarily or through termination or retirement. In October, 1985, the Incineration Division was sold to Atlas Incinerator.

Plaintiff subsequently filed a complaint with the Minnesota Department of Human Rights and with the EEOC. Several other employees who had been discharged by the new management filed complaints alleging age discrimination. The complaints of several of these employees resulted in "no probable cause" determinations. Plaintiff then withdrew his complaint and brought this action.

*Discussion*

In passing upon a motion for summary judgment, the court is required to view the facts in a light most favorable to the non-moving party, and the movant has the burden of establishing that no genuine issue of material fact remains and that the case may be decided as a matter of law. *Meyers By Walden v. Reagan,* 776 F.2d 241, 244 (8th Cir.1985); *Buford v. Tremayne,* 747 F.2d 445, 447 (8th Cir.1984). The non-moving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings and affidavits. *Kresse v. Home Insurance Co.,* 765 F.2d 753, 754 (8th Cir.1985). The non-moving party may not merely rest upon allegations or denials of the party's pleadings, however, but must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. *One Blue 1977 AMC Jeep v. United States,* 783 F.2d 759, 762 (8th Cir.1986).

These general principles apply to age discrimination claims as well. To resist a motion for summary judgment, a plaintiff must establish a prima facie case of age discrimination. *See, e.g., Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir.1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); *Stock v. Horsman Dolls, Inc.,* 27 FEP Cases 1423 (D.S.C.1981). To do this, the plaintiff cannot simply show that he is a member of a protected group and was the victim of an adverse employment decision. He must show that there is some causal connection between his age and the adverse employment action about which he complains.

Because direct evidence of discrimination is rarely found, a prima facie case can be established by evidence from which the causal connection can be inferred. The most common formula for doing this is to meet the criteria set forth in *McDonnell Douglas Corp. v. Greene,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as adapted to ADEA cases. *See Halsell v. Kimberly-Clark Corp.,* 683 F.2d 285 (8th Cir.1982), *cert. denied,* 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983). The plaintiff must

show: (1) that he is within the protected age category under the statute, (2) that he was performing his job at expected levels of performance, (3) that he was discharged, and (4) that the employer sought a replacement to do the same kind of work, thus demonstrating a continued need for the same services and skills. Additionally, in a reduction in force situation, plaintiff must come forth with further evidence that age was a factor in his termination. *Holley v. Sanyo Manufacturing, Inc.*, 771 F.2d 1161 (8th Cir.1985). This additional showing may be made by statistical evidence or such circumstantial evidence as a preference for younger employees in the business organization. *Id.* at 1166. The mere fact that a plaintiff's duties were assumed by a younger person is insufficient, standing alone, to establish a prima facie case. *Id.* at 1167.

If the prima facie case is made, the burden shifts to the employer to articulate a valid reason other than age for firing the plaintiff. If the employer does this, the burden shifts back to the plaintiff to demonstrate that the reasons advanced by the employer are pretextual. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Establishment of a prima facie case, however, does not necessarily mean that the case must be submitted to the jury or that summary judgment is improper. *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241 at n. 12 (4th Cir.1982). As stated by the Eleventh Circuit in *Pace v. Southern Railway System:*

> A plaintiff when faced with a motion for summary judgment cannot rely on attenuated possibilities that a jury would infer a discriminatory motive, but rather must come forward with sufficient evidence to ... respond sufficiently to any rebuttal by the defendant to create a general issue of material fact. Even where a prima facie case has been established but the defendant has rebutted with a proffer of legitimate, non-discriminatory reasons for the discharge, a genuine issue

of material fact is not automatically presented.

701 F.2d 1383, 1391 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983). If the plaintiff cannot produce sufficient evidence to create an inference of discriminatory motive, then the employer's articulated business reasons remain unrebutted, and summary judgment is appropriate. *Steckl v. Motorola, Inc.*, 703 F.2d 392 (9th Cir.1983).

■ Applying these principles to the case at hand and viewing the facts in a light most favorable to plaintiff, the court finds that he has not established a prima facie case. To be sure, plaintiff has shown that he was in the protected group, was adversely affected by an employment decision and was qualified. Though he was not replaced and his position was eliminated, he has also shown that some of the special projects he performed were subsequently taken over by a 29 year-old. This showing in itself does not give rise to an inference of discrimination, however. *See Holley v. Sanyo* at 1167.

■ Plaintiff further attempts to establish the requisite causal connection between his age and his termination by noting that his twenty-three year old employment record is more than satisfactory, the decision not to give him back his job as manager was based on defendant's perception of his health, and defendant allegedly told him at termination that it "could not afford him." Further, he contends that the record shows that Econo Therm has a preference for younger employees in its management.

Even when construed most favorably to plaintiff, these assertions do not support a prima facie case. Plaintiff may well have had an excellent career with the company, but the ADEA does not require a trial for "every plaintiff in a protected age group ... simply because he was discharged during a reduction-in-force." *Holley v. Sanyo Manufacturing, Inc.*, 771 F.2d 1161, 1166 (8th Cir.1985). "The mere termination of a competent employee when an employer is making cutbacks due to economic necessity

is insufficient to establish a prima facie case of age discrimination...." *Id.* quoting *LaGrant v. Gulf & Western Manufacturing Co., Inc.*, 748 F.2d 1087, 1090–91 (6th Cir.1984).

Nor would any concern about plaintiff's heart problem establish evidence from which a factfinder might reasonably conclude that the employer intended to discriminate on the basis of age. Heart problems may arise at any age. Moreover, even if plaintiff's heart problem were related to his age, the ADEA does not prohibit consideration of factors that sometimes accompany advancing age, such as diminished vigor and competence or declining health. *See Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir.1979). Thus, the Eighth Circuit found in *Holley*, "even if Holley had been discharged because of his heart condition, that alone would not have afforded him an ADEA claim." *Holley* at 1167.

■ Similarly, plaintiff's assertion that defendant stated it "could not afford him" is insufficient to support a prima facie case. Plaintiff has not shown that his pay correlated to his age or even to his length of service. Nor has he shown that the people who assumed his duties were paid less than he. Further, plaintiff has not demonstrated that the company was terminating older people first in a disproportionate manner. Although he asserts that by July 1984 only two of the seven division heads were protected employees, he has submitted no evidence about the ages of the previous division heads. No statistical evidence supports an inference of discrimination; in fact, of all the employees terminated in the period after the Braden purchase, the number of employees over 40 who were discharged was roughly the same as discharged employees under 40.

Because none of these assertions are sufficient, individually or collectively, to give rise to an inference of discrimination, and because plaintiff can show no other evidence of discrimination, the court concludes that plaintiff has failed to establish a prima facie case of age discrimination. Summary judgment is therefore appropriate on plain-

tiff's age discrimination claims. *See, e.g., Pace v. Southern Railway System*, 701 F.2d 1383 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983), *Kephart v. Institute of Gas Technology*, 630 F.2d 1217 (7th Cir.1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). *See also, Holley v. Sanyo Manufacturing Co.*, 771 F.2d 1161 (8th Cir.1985).

■ Even assuming *arguendo* that plaintiff's evidence established a prima facie case, defendant has persuasively demonstrated that its actions were taken for legitimate, non-discriminatory reasons. The record shows that defendant believed that a reduction in staff and elimination of plaintiff's position was necessary because of its poor performance during fiscal years 1983 and 1984. The company had a $9 million operating loss during fiscal year 1983 and a $2.5 million operating loss in the first quarter of fiscal 1984. Plaintiff was one of many former employees, including the Chief Executive Officer, Chief Financial Officer, six members of the Board of Directors, and several former corporate and divisional executive officers, who were discharged because of corporate restructuring and streamlining.

■ Once defendant has articulated business reasons, plaintiff need not *prove* that these reasons are pretextual at this point in the proceedings. He is, however, required to present sufficient rebuttal to create a genuine issue of fact. *See, e.g., Pace v. Southern Railway System*, 701 F.2d 1383, 1391 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983).

Even viewing the record most favorably to plaintiff, the court finds that he is unable to respond to defendant's evidence or to demonstrate sufficient evidence to create an inference of discriminatory motive. The discovery deadline in this case was June 2, 1986, but the only evidence of age discrimination plaintiff points to is the assignment of his duties to a younger person, his generally satisfactory record, and the alleged statements of defendant about his health and expense. For the reasons dis-

cussed above, if this case were to go to trial on this evidence alone, the court would be compelled to enter a directed verdict.[1]

To sum, upon the unrefuted record, the court finds that even if a prima facie case were established, plaintiff has failed to rebut defendant's articulated business reasons or show sufficient evidence from which an inference of discriminatory motive could be properly drawn. Thus, summary judgment is appropriate on the federal age discrimination claims contained in Count One.

Jurisdiction over the remaining state claim is founded on this court's discretionary pendent jurisdiction over claims which share a common nucleus of operative fact with the federal claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Where federal claims are dismissed before trial, the court should generally dismiss the pendent claims without prejudice. *Id.* at 726, 86 S.Ct. at 1139. After considering the factors set forth in *Koke v. Stifel, Nicolaus & Co., Inc.*, 620 F.2d 1340, 1346 (8th Cir.1980), the court concludes that the state claims should be dismissed as well.

Because of the court's findings above it need not reach the motion to amend or the other issues raised by the parties.

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendant's motion for summary judgment is granted as to Count I; Count I is dismissed with prejudice.

2. Count II is dismissed without prejudice.

3. Defendant's motion to amend its answer is dismissed as moot.

---

1. Where the evidence is overwhelming that dismissal was not based on age discrimination, a directed verdict is proper. *See, e.g., Holley v. Sanyo Manufacturing, Inc.*, 771 F.2d 1161 (8th

Cir.1985); *Gairola v. Commonwealth of Va., Dep. of General Services*, 753 F.2d 1281 (4th Cir.1985); *see also, Jorgensen v. Modern Woodmen of America*, 761 F.2d 502 (8th Cir.1985).