CARLTON, J.,
for the Court:
¶ 1. Zachary Clein, a Brandon Middle School student, filed suit against the Rankin County School District (RCSD) after sustaining a facial injury and knee injury as the result of tripping and falling on school property. The Rankin County Circuit Court granted summary judgment in favor of RCSD. Clein appeals the grant of summary judgment. Finding no error, we affirm.
FACTS
¶ 2. On November 20, 2008, Clein, an eighth-grade student, suffered injuries while participating in his physical-education class. Coach Marney Walker, the instructor for the physical-education class, had instructed the students to “run the bleachers,” referring to the concrete stadium bleachers behind Brandon Middle School. On this particular morning, Clein wore blue jeans, flat-soled tennis shoes, and two coats. Clein testified that he placed his hands in his pockets as he exercised, due to the cold weather. Clein stated that while walking[1] back down the steps, his foot slipped, and he fell headfirst down three or four steps. Clein testified that then he crashed face-first into the metal rail at the bottom of the steps, knocking out his front teeth and spraining his knee.
¶ 3. Clein stated in his deposition that the concrete bleachers were slippery on the day of his injury. Clein also explained that Coach Walker had instructed the students to run up and down the bleacher steps until Coach Walker told them to stop. However, later in his deposition, Clein admitted that he was walking down the steps when the injury occurred. Clein stated that Coach Walker had required the class to run bleachers in the past, and Coach Walker always provided the same instructions for this exercise.
¶ 4. RCSD employs Coach Walker as a certified-licensed instructor in physical education.[2] In his deposition,[3] Coach Walker explained that “running the bleachers” served as a warmup exercise. Coach Walker also stated that he instructed the students to run up the bleachers, stop at the top, and then walk back down. Coach Walker explained that he intended to prevent possible injuries with the instructions. In his deposition testimony, Clein refuted Coach Walker’s statements that he had instructed the class to run to the top of the bleachers, stop, and walk back down. Clein, alternatively, claimed that Coach Walker had instructed them to run up and down the bleachers until the coach told the class to stop.
¶ 5. On November 12, 2009, Debra Clein, Clein’s mother, filed the complaint in Rankin County Circuit Court against the RCSD for the injuries Clein sustained on November 20, 2008. On July 2, 2010, RCSD filed a motion for summary judgment, claiming immunity under Mississippi Code Annotated sections 11 — 46—9(l)(d) and (v) (Supp.2011).
*387 ¶ 6. On December 6, 2010, the circuit judge held a hearing on the summary-judgment motion. The circuit judge issued a ruling from the bench finding RCSD immune from liability under the discretionary-function exclusion of the Mississippi Torts Claim Act (MTCA). The circuit judge also stated that he found no liability herein for premises liability. The circuit judge, therefore, granted summary judgment in favor of RCSD. Clein subsequently appealed, and he asserts the following assignments of error: the circuit judge erred in granting RCSD’s motion for summary judgment; the circuit judge erred in ruling that RCSD was entitled to immunity from liability under section 11-46-9(1 )(d); and the circuit judge erred in finding RCSD immune from premises-liability claims under section ll-46-9(l)(v).
STANDARD OF REVIEW
¶ 7. “When reviewing the grant of a motion for summary judgment, we look at the trial court’s decision de novo.” Smith v. Magnolia Lady, Inc., 925 So.2d 898, 901 (¶ 7) (Miss.Ct.App.2006) (citation omitted). In reviewing all the “evidentiary matters, including admissions in pleadings, answers to interrogatories, depositions, and affidavits!,]” we must examine the evidence presented “in the light most favorable to the party against whom the motion for summary judgment has been made[.]” Id. “When viewed as such, if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law, summary judgment is appropriate.” Phillips v. Enter. Transp. Serv. Co., 988 So.2d 418, 420 (¶10) (Miss.Ct.App.2008).
DISCUSSION
¶ 8. We find Clein’s first two assignments of error are intertwined with one another; thus, we combine those two issues and address them together for the purposes of clarity.
¶ 9. In granting RCSD’s motion for summary judgment, the circuit judge found, as a matter of law, that: (1) RCSD was at all material times a governmental entity subject to the MTCA; (2) the employees of RCSD were at all times acting within the course and scope of their employment; (3) RCSD is entitled to immunity from liability since the actions of RCSD and its employees were at all material times discretionary functions subject to the immunity under section 11 — 46—9—(l)(d); and (4) RCSD is immune from any premises-liability claims under section ll-46-9(l)(v).
¶ 10. Clein argues that Coach Walker’s actions failed to constitute a “discretionary function or duty” under section 11-46-9. Clein asserts Coach Walker possessed awareness of the 2006 Mississippi Physical Education Framework Overview (MPEF), which contained physical-education policy at RCSD in force in November 2008, the time of Clein’s injury. Clein states that the MPEF required Coach Walker to apply “appropriate warm-up and cool-down techniques” for eighth-grade warmup activities. Clein submits that if this Court accepts Coach Walker’s assertion that “bleacher running” was an appropriate warm-up exercise and then contrasts these statements by Coach Walker with Clein’s sworn deposition testimony, then this Court should conclude that Coach Walker knowingly, intentionally, willfully, and negligently failed to follow his duty to teach and implement appropriate warmup techniques in Clein’s physical-education class. However, Clem’s argument fails to address his own deposition testimony wherein he admitted he was walking down the bleachers when he fell and injured himself. Therefore, since Clein admittedly walked down the bleachers prior to receiving his injuries, any as *388 sertion of negligence by Coach Walker in instructing students to warm up by running the bleachers lacks relevance to the determination of the issues before us. In addressing the issue of whether the choice of warmup activities constitute discretionary functions or ministerial functions, we first turn to the controlling statute for guidance.
¶ 11. The trial court found that RCSD is a “governmental entity” and a “political subdivision.” Miss.Code Ann. § 11—46—l(i) (Rev.2002) (“political subdivision” includes public school districts). In turning to the pertinent parts of section 11-46-9, we note the statute states:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
(d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;
[[Image here]]
(v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.
¶ 12. Applying the language of section 11—46—9(l)(d) to the present case, we acknowledge the Mississippi Supreme Court has established a two-part test to determine whether an act or a failure to act constitutes a discretionary function. The test requires a determination of (a) whether the activity involves an element of choice or judgment, and if so, then the court must determine (b) whether the choice or judgment involves social, economic, or political policy. Jones v. Miss. Dept. of Transp., 744 So.2d 256, 260 (¶ 10) (Miss.1999) (overruled on other grounds) (citing United States v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)).
¶ 13. Under the first part of the test, we must determine upon review whether the government activity involved an element of choice or judgment. Id. An act is not discretionary, but is ministerial, if “the duty is one which has been positively imposed by law and its performance required at a time and in a manner or under conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer’s judgment or discretion.” Stewart ex rel. Womack v. City of Jackson, 804 So.2d 1041, 1048 (¶ 15) (Miss.2002) (quotation omitted). Alternatively, and pertinent to our review, our supreme court has clarified that “[w]hen an official is required to use his own judgment or discretion in performing a duty, that duty is discretionary.” Harris ex rel. Harris v. McCray, 867 So.2d 188, 191 (¶ 12) (Miss. 2003).
¶ 14. RCSD cites to Mississippi Code Annotated section 37-7-301 (Supp.2011), which allows school districts “[t]o provide athletic programs and other school activities and to regulate the establishment and operation of such programs and activities!.]” Clein claims the RCSD implemented the 2006 MPEF Overview Guidelines for warmup activities. Although the RCSD implemented guidelines for physical education, these guidelines merely appear *389 to require the instructors to apply appropriate warmup and cool-down techniques. In so doing, the guidelines leave the type of technique and implementation of the warmup and cool-down techniques to the instructor’s discretion.
¶ 15. Further, Clein contends that even if the acts of Coach Walker and RCSD required an element of choice or judgment, they fail to invoke the protection of social, economic, or political policy. This Court adheres to precedent of the supreme court and acknowledges the public-policy-function test adopted by the supreme court in Jones, 744 So.2d at 260 (¶ 10), wherein the supreme court stated, “only those functions which by nature are policy decisions, whether made at the operational or planning level, are protected.” In Covington County School Dist v. Magee, 29 So.3d 1, 7-8 (¶ 14) (Miss.2010), the supreme court discussed the possible consequences resulting if the supreme court found Coach McCray and the school district liable for the death of a football player during practice. The supreme court ultimately determined that the “[district’s discretionary decision to allow coaches the ability to set and conduct practices is rooted in policy— coaches know their players and must be able to control their teams,” and held that the applicable provisions of the MTCA “operated to shield [the District and its coaches and employees] from any liability.” Id. at 8 (¶ 15) (citing Harris, 867 So.2d at 193).
¶ 16. Clein attempts to distinguish Cov-ington from the present case, and he claims that the supreme court’s ruling clearly applies to a limited set of facts involving coaches, athletes, and extra-curricular activities. We disagree and find no error in the circuit court’s determination that Coach Walker’s duty as a public school physical-education instructor for eighth graders falls into the same purview as that of a public high school coach.[4]
¶ 17. RCSD submits that school districts are better suited to make decisions regarding their programs aimed at improving the health and welfare of students. We agree that regulating the establishment and operation of athletic programs and other school activities, such as physical-education classes, constitutes an exercise of political policy, thus satisfying the second prong of the discretionary-function analysis. We therefore find Coach Walker’s actions and instructions constitute discretionary functions; thus, such instructions remain subject to immunity from liability under section 11 — 46—9(l)(d).
¶ 18. In addition, the record reveals that during his deposition, Clein gave conflicting testimony regarding his injury. Coach Walker and RCSD maintain that Coach Walker instructed the physical-education class to run up the bleachers and then walk back down in order to prevent injuries. Clein attempted to refute this claim, asserting that Coach Walker instead instructed the class to run up down the bleachers until he told them to stop. In one portion of his deposition, Clein stated that he was running down the bleachers. However, later in his deposition, Clein admitted he was walking down the bleachers before he slipped and injured himself. Therefore, despite whether a dispute exists regarding whether Coach Walker instructed Clein to walk or run down the bleachers, the record supports that Clein fell when walking down the bleachers. We thus find no dispute of material fact to show any breach of duty by Coach Walker. M.R.C.P. 56(c) (Summary judgment is *390 proper if the record shows “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”).
¶ 19. Finally, Clein argues the circuit court erred in ruling that RCSD was immune from any premises-liability claims, and Clein asserts liability exists because of a dangerous condition. As previously stated, the MTCA affords governmental immunity for premises liability:
[ajrising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due eare[.]
See Miss.Code Ann. § ll-46-9(l)(v). In order to succeed in his personal-injury action against RCSD, RCSD submits that Clein would have to prove the bleachers were a dangerous condition on RCSD’s property which either was created by negligent or wrongful conduct of RCSD or existed with actual or constructive notice to RCSD. See Delmont v. Harrison County Sch. Dist., 944 So.2d 131, 133 (¶ 5) (Miss.Ct.App.2006); Lowery v. Harrison Co. Bd. of Supervisors, 891 So.2d 264, 267 (¶ 12) (Miss.Ct.App.2004). We also acknowledge precedent establishes that in personal-injury cases based on premises liability, the property owner cannot be found liable for the plaintiffs injury where no dangerous condition exists. Id. ¶ 20. Clein argues that if this Court must accept the facts most favorable to the non-moving party, then we must conclude that Coach Walker knew or should have known that the steep, slippery concrete bleacher steps were a dangerous premises condition on which non-athlete students were required to run the bleachers. However, other than this assertion, Clein failed to show the bleachers were a dangerous condition created by negligent or wrongful conduct of RCSD, and Clein has also failed to provide proof that RCSD or Coach Walker possessed actual or constructive notice of the condition of the bleachers. Moreover, Clein admits he fell and injured himself while walking down the bleachers, not running. Therefore, the determination of whether running down slippery bleachers created a dangerous condition wherein liability lies fails to possess relevance to the determination of facts and claims in this case.
¶ 21. In conclusion, we find no error in the circuit court’s grant of summary judgment in favor of RCSD.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. GRIFFIS, P.J., AND FAIR, J„ NOT PARTICIPATING.

. The record reflects Clein also stated in his deposition testimony that he was running down the stairs before his injury occurred.

. Mississippi Code Annotated section 37-9-201(e) (Rev.2007) defines teacher as a "licensed employee of a local school district who has direct responsibility for instruction, coordination of educational programs!)] or supervision of teachers and who is compensated for services from public funds.”

.We note the record fails to contain any deposition transcript. Clein’s deposition testimony appears in the court papers, and both parties’ appellate briefs make references to Coach Walker’s testimony.

. See Strange ex rel. Strange v. Itawamba County Sch. Dist., 9 So.3d 1187, 1191 (¶ 12) (Miss.Ct.App.2009) (analysis of the public-policy prong of the discretionary-function test).