**AUDUBON INSURANCE COMPANY and American Global Insurance Company, Plaintiffs,**

v.

**Robert M. STEFANCIK, Mary Ann Stefancik, Jimmy G. Hill, James W. Holton, Richard M. Lingle and Lingle Griffis & Southern, PLLC, Defendants.**

No. CIV. A. 3:98CV713BN.

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 24, 1999.

William H. Creel, Jr., Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Audubon Insurance Company, American Global Insurance Company.

Frank W. Trapp, Amanda K. Jones, Phelps Dunbar, Jackson, MS, for Robert M. Stefancik, Mary Ann Stefancik.

William L. Latham, Christopher H. Neyland, Latham & Burwell, PLLC, Jackson, MS, for Jimmy G. Hill, James W. Holton.

Michael A. Akers, Keith D. Obert, Akers & Obert, P.A., Brandon, MS, for Richard M. Lingle, Lingle Griffis & Southern, PLLC.

*OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on cross-motions for summary judgment filed by all parties.[1] In addition to the cross-motions for summary judgment, two motions to strike have been filed by Plaintiffs. One motion to strike urges the Court to strike the summary judgment motion of Defendants Lingle and Lingle Griffis & Southern, PLLC ("LGS"). The other motion to strike requests that the Court strike portions of the affidavits submitted by Defendants Hill and Holton in support of their motion for summary judgment.

Having considered the motions and responses, the Court finds that the motions to strike are well taken and hereby grants those motions. The motions for summary judgment raise the issue of insurance coverage under several Commercial General Liability policies issued by Plaintiffs. The Court finds that there is no coverage under the policies. Therefore, the Court grants the motion of Plaintiffs for summary judgment and denies the cross-motion for summary judgment of Defendants Hill and Holton.

## I. Background

This is a declaratory judgment action. Plaintiffs seek a declaration that they are not obligated, under several Commercial General Liability policies issued to Hallmark Credit Corporation ("Hallmark"), to provide a defense for, or indemnify, Defendants Hill, Holton, Lingle and Lingle Griffis & Southern ("LGS") (collectively "Defendants") in a lawsuit pending in the Circuit Court of Hinds County, Mississippi ("the state court action"). The state court action was filed against Defendants by Robert and Mary Ann Stefancik ("the Stefanciks"). Defendants contend that, because they are directors, officers, share-

---

1. By agreed order of dismissal, Defendants Robert M. and Mary Ann Stefancik are no longer parties to this lawsuit.

holders and/or employees of Hallmark, they are entitled under the policies to a defense and indemnification for any damages they become liable for as a result of the state court action.

In the state court action the Stefanciks allege that Defendants conspired to oust them from control over Hallmark, which is a closely held corporation. The Stefanciks allege that Defendants committed various intentional torts against them, including civil conspiracy, defamation, malicious prosecution, and breach of fiduciary duty, as well as other torts, in an effort to intimidate them and cause Robert Stefancik to sell his interest in Hallmark for much less than it was worth.

The pending state court action is actually the second such action filed by the Stefanciks. In the first action, the Stefanciks sought an injunction against Hallmark to prevent alleged imminent oppressive conduct by Hallmark. Presumably, the oppressive conduct that concerned the Stefanciks at that time was the same or similar conduct to the conduct that they allege in the pending state court action and now attribute to Defendants individually. At the time of the first state court action, Plaintiffs filed a declaratory judgment action similar to the present one. This Court, in an opinion by Judge Henry T. Wingate, held that the Commercial General Liability policies in question, which are the same policies involved in the case sub justice, were never intended to cover "intentional conduct or internal [corporate] disputes" and granted summary judgment to Plaintiffs. *Audubon Ins. Co. v. Stefancik et al.,* Civil Action No. 3:98CV264WS (S.D.Miss. Sept. 28, 1999).

The difference between that case and the one sub justice is that, in the pending state court action, the Stefanciks have sued for damages, instead of an injunction, and have sued the individual corporate principals of Hallmark and the legal coun- sel of the corporation, instead of the corporation itself. It is difficult to understand how there could be coverage under the policies for the individuals, who are not named insureds under the policies, when there was no coverage under essentially identical circumstances for Hallmark, which is the named insured. For the reasons below, the Court finds that there is no coverage under the policies for Defendants, and the motion for summary judgment of Plaintiffs is granted.

## II.  The Motions of Plaintiffs to Strike

In addition to their motion for summary judgment, Plaintiffs have filed two motions to strike. Plaintiffs first seek to strike portions of the affidavits of Defendants Hill and Holton, which were attached to their motion for summary judgment. Inadmissible evidence and conclusory assertions are insufficient to defeat summary judgment. *See Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir. 1992). Therefore, the Court grants the first motion to strike as to those portions of the affidavits that contain such material. The portions of the affidavits that state that Defendants Hill and Holton were acting in their official corporate capacities are legal conclusions, since their acting in their official capacities is a necessary element for coverage under the policies.[2] Those portions of the affidavits are thus stricken.[3]

The second motion to strike filed by Plaintiffs seeks to strike the motion for partial summary judgment that Defendants Lingle and LGS combined with their response to the motion for summary judgment of Plaintiffs. United States Magistrate Judge Alfred G. Nicols, Jr., by order dated September 30, 1999, set an October 8, 1999, deadline for all dispositive motions. Plaintiffs contend that since the motion for partial summary judgment was combined with a response that was filed on

---

2.  See discussion infra.

3.  Even if the motions to strike were denied, the end result of this Opinion and Order would not change.

November 2, 1999, almost a month after the deadline for dispositive motions, the motion for partial summary judgment should be stricken. The Court agrees. The motion for partial summary judgment of Defendants Lingle and LGS is hereby stricken.[4]

Having disposed of the motions of Plaintiffs to strike, the Court now turns to the remaining cross-motions for summary judgment, which raise the issue of coverage.

### III. The Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

### III. The Coverage Issue

Plaintiffs first argue that there is no coverage under the Commercial General Liability policies for the claims made by the Stefanciks because the policies were never intended to cover intentional conduct and internal corporate disputes. They contend that the policies were intended to cover accidental bodily injury and property damage to third parties. Plaintiffs cite Judge Wingate's opinion and *Farr v. Farm Bureau Ins. Co.*, 61 F.3d 677, 681–82 (8th Cir.1995). While this Court tends to agree, the Court feels compelled, as Defendants urge, to apply the language of the policies to the undisputed facts, which in this case are the allegations of the state court complaint, to determine whether Plaintiffs have a duty to defend the Defendants in the pending state court action. As Defendants note, construction of the policy language is a question of law for the

---

4. Even if the Court would consider the motion for partial summary judgment of Lingle and LGS, it would be rendered moot by the holding of this Opinion and Order.

Court, and whether Plaintiffs have a duty to defend the Defendants in the state court action is to be determined from the allegations in the state court complaint. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 725 So.2d 779, 781 (Miss.1998) (stating that the initial determination of whether policy language is ambiguous is a question of law for the court) and *Knight v. United States Fidelity & Guaranty Ins. Co.*, 65 F.3d 34, 37 (5th Cir.1995) (stating that under Mississippi law the existence of a duty to defend is determined from the allegations in the pleadings). Summary judgment in favor of Plaintiffs, therefore, will be appropriate if the unambiguous language of the insurance policies precludes coverage.

■ The first issue the Court must address is whether Defendants, as a group or any one of them, qualify as insureds under the policies. If Defendants are not insureds, clearly there is no coverage. Under the heading "Who is an Insured," the policies state the following:

> "executive officers" and directors are insureds, *but only with respect to their duties as your officers or directors.* Your stockholders are also insureds, *but only with respect to their liability as stockholders* . . . . Each of the following is also an insured: ... Your "employees", other than your "executive officers", *but only for acts within the scope of their employment* by you or while performing duties related to the conduct of your business.

(emphasis added).

Defendants Hill and Holton claim coverage because of their positions as "executive officers." They claim that, with respect to the conduct complained of by the Stefanciks, they were performing their duties as "executive officers." They contend that they were acting in the best interests of the corporation when they ousted the Stefanciks. The Court is not persuaded. The Stefanciks' state court complaint alleges that Defendants engaged in tortious conduct in an effort to oust the Stefanciks from the corporation. As Plaintiffs note,

the Stefanciks allege that Defendants' motive was their own financial gain, and not necessarily what was in the best interests of the corporation. Therefore, the Court finds that Hill and Holton were not performing their corporate duties when the acted as the Stefanciks allege.

■ Next, Defendant LGS claims coverage as an "employee," since the firm provided legal services to Hallmark. However, LGS has produced no evidence that it was anything more than an independent contractor for Hallmark, as Plaintiffs argue. LGS urges the Court to look at the overall relationship between LGS and Hallmark to determine whether LGS was an employee or an independent contractor, but LGS has failed to show that Hallmark was its only client, or to give any other indication of an employer-employee relationship between Hallmark and LGS. The Court thus finds that LGS was not an employee of Hallmark such that the general liability policies cover its conduct.

Finally on the issue of whether Defendants are insureds, Defendant Lingle claims coverage both as an employee—legal counsel—and as a stockholder. As to whether he is an employee of Hallmark, the same analysis applies to him as to LGS. As to whether he is covered as a stockholder, the policies state that he is covered only to the extent that he is liable as a stockholder. Nothing in the record indicates that Lingle is liable for the torts alleged by the Stefanciks *in his capacity as a stockholder of Hallmark.* The Court thus finds that Lingle is not an insured under the policies.

However, even if Defendants do qualify as insureds under the policies, the issue becomes whether there is coverage under the policies for the Stefanciks' claims. The Commercial General Liability policies state that the insurers "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' " but "only if: ... the 'bodily injury' or 'property dam-

age' is caused by an 'occurrence' ...." The policies define the term "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Clearly, this contemplates physical injury. The term "property damage" is defined as "[p]hysical injury to *tangible* property, including all resulting loss of use of that property." (emphasis added). Finally, an "occurrence" is defined as "an *accident,* including continuous or repeated exposure to substantially the same general harmful conditions." (emphasis added).

■ Plaintiffs first contend that there was no "occurrence" involved here because the Stefanciks have alleged only intentional torts in the state court action. The argument is that, by the very nature of the conduct alleged, no "accident" has occurred. *See Allstate Ins. Co. v. Moulton,* 464 So.2d 507, 510 (Miss.1985). Defendants argue that when Defendants committed the intentional torts alleged by the Stefanciks, the injury suffered by the Stefanciks was unintentional, even though the conduct itself was intentional, thus an "accident" occurred. *Southern Farm Bureau Cas. Ins. Co. v. Allard,* 611 So.2d 966 (Miss.1992). The Court is not persuaded. The gravamen of the Stefanciks' state court complaint is that Defendants committed various intentional torts in an effort to oust the Stefanciks, by intimidating them and causing Robert Stefancik to sell his ownership interest in Hallmark for less than its worth. Therefore, the state court complaint clearly alleges an intentional end result of the intentional torts allegedly committed. Therefore, the injury that the Stefanciks complain of was not caused by an "accident."

Even if there was an "occurrence," Plaintiffs argue, the Stefanciks have not alleged any "bodily injury" or "property damage."[5] The Court agrees.

5. The Court notes that the Commercial General Liability policies at issue specifically exclude "personal injury" and "advertising injury" which are defined by the policies in such

■ Defendants contend that the Stefanciks alleged sufficient "bodily injury." However, the only allegations in the complaint that Defendants point to in support of their contention are allegations that refer to Mary Ann Stefancik's arrest. The Court sees no allegation of physical injury. Moreover, even if the police who arrested Mary Ann Stefancik physically injured her, it is difficult to see how the Defendants would be held liable for that injury. At best, there would be a lack of proximate cause. The Stefanciks' allegations of emotional distress to not, alone, constitute "bodily injury." Clearly, the insurance policies require some physical injury to constitute "bodily injury."

■ Defendants also assert that the Stefanciks' allegations of lost income, lost health benefits and lost debenture investments constitute sufficient "property damage" for coverage to exist under the insurance policies. The Court disagrees. The insurance policies define "property damage" in terms of *"tangible property."* The only injuries that the Stefanciks have alleged are financial losses and perhaps injuries to their reputations through their defamation claims. These are not injuries to any tangible property. They are merely pecuniary or economic losses. Purely pecuniary or economic losses are not "property damage." *See Snug Harbor Ltd. v. Zurich Ins.,* 968 F.2d 538, 542 and n. 13 (5th Cir.1992); *see also* 9 *Couch on Insurance* §§ 126:35 and 126:36 (3d Ed.1999). For these reasons, as a matter of law, the Commercial General Liability policies do not impose a duty on Plaintiffs to defend the Defendants against the claims brought in the pending state court action.

## IV. Conclusion

For the foregoing reasons:

a way that the policies would otherwise likely include coverage for the types of injuries alleged by the Stefanciks.

IT IS THEREFORE ORDERED that the motions of Plaintiffs to strike [42–1, 43–1] are hereby granted. The motion of Defendants Lingle and Lingle Griffis & Southern for partial summary judgment [41–1] is stricken.

IT IS THEREFORE FURTHER ORDERED that the motion of Plaintiffs for summary judgment [34–1] is granted. The cross-motion for summary judgment of Defendants Hill and Holton [33–1] is denied.

A separate final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure will be entered this day.