## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CA-00765-SCT

*JOHN W. CLARK*

*v.*

*STATE FARM MUTUAL AUTOMOBILE*
*INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/96 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | D. NEIL HARRIS, SR. |
| ATTORNEY FOR APPELLEE: | JOHN A. BANAHAN |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 5/14/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/17/98 |

**BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. John Clark ("Clark") appeals the grant of summary judgment against him and in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). Clark was injured in Barcelona, Spain, and sought to recover his medical expenses under two State Farm policies he had purchased in the United States. State Farm denied coverage on the basis of a territorial exclusion contained in the policy, limiting coverage to loss occurring inside the United States with certain non-relevant exceptions. Both parties entered motions for summary judgment and a hearing was held on May 24, 1996. The trial court found that policy language unambiguously limited coverage and granted summary judgment in favor of State Farm. Clark filed timely notice of appeal, raising the following issue for this Court's consideration.

> **Did the trial court err in finding that certain territorial limitations contained in their policy language excluding medical payment coverage stemming from an accident occurring in Barcelona, Spain, where the medical bills claimed were incurred within the United States.**

## 1. FACTS

¶2. Clark is no stranger to either adversity or this Court. When he was twenty-three years old, Clark was rendered a partial quadriplegic in a collision with a drunk driver. The facts of that prior tragedy are told in *Clark v. City of Pascagoula*, 507 So. 2d 70 (Miss. 1987). Clark recovered amazingly well from the earlier accident and had made the paralympic team in wheelchair racing. In May of 1992, Clark bought two automobile policies from State Farm, each containing a $ 25,000 medical coverage provision. In September of 1992, Clark was run down by a Coca-Cola truck in a crosswalk in Barcelona, Spain. Clark was flown back to the U.S. for treatment of his injuries. Subsequently, he visited his insurance agent and attempted to obtain the policy, but instead, he got a printed form outlining only the general elements of his coverage. Clark filed claims against State Farm for his injuries under the medical provisions of the plan.[1]

¶3. State Farm denied coverage on the basis of a territorial limitation contained in the policy which limited coverage to loss occurring within the U.S. or certain parts of Mexico.

## 2. DISCUSSION

¶4. This Court reviews the grant of a motion for summary judgment *de novo*. *Mississippi Gaming Comm'n v. Treasured Arts, Inc.*, 699 So. 2d 936, 938 (Miss. 1997); *Delta Pride Catfish, Inc. v. Home Ins. Co.*, 697 So. 2d 400, 402 (Miss. 1997); *Richmond v. Benchmark Constr. Corp.*, 692 So. 2d 60, 61 (Miss. 1997). On review, this Court looks to "all the evidentiary matters before it -- admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *Aetna Cas. & Sur. Co. v. Berry*, 669 So.2d 56, 70 (Miss. 1996)(quoting *Mantachie Nat. Gas v. Miss. Valley Gas Co.*, 594 So.2d 1170, 1172 (Miss. 1992)). If the evidence appears, when viewed in the light most favorable to the non-moving party, that there is no triable issue of fact, then summary judgment is appropriate. Otherwise, such judgment should be denied. *Berry*, 669 So. 2d at 70. This Court thus examines the record to determine whether factual issues exist, but does not attempt to resolve those issues. *Mississippi Gaming Comm'n*, 699 So. 2d at 938. The question is whether all the evidence before the lower court, viewed in a light most favorable to John Clark, demonstrates no material factual dispute.

¶5. Clark contends that the insurance contract was ambiguous with respect to coverage outside the United States and thus should be construed against State Farm.[2] It is important to note that "[t]he initial question of whether the contract is ambiguous is a matter of law[, but the] subsequent interpretation of the ambiguous contract presents a finding of fact." *Lamb Constr. Co. v. Town of Renova*, 573 So. 2d 1378, 1383 (Miss. 1990)(*citing Bryant v. Cameron*, 473 So. 2d 174, 179 (Miss. 1985)); *Griffin v. Tall Timbers Dev., Inc.*, 681 So. 2d 546, 551 (Miss. 1996)(*citing Pfisterer v. Noble*, 320 So. 2d 383, 384 (Miss. 1975)).

¶6. Furthermore, if a contractual term is unambiguous and not subject to interpretation, then it will be enforced as written, without attempting to surmise some "'possible but unexpressed intent of the parties.'" *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 419 (Miss. 1987)(*quoting Hunt v. Triplex Safety Glass Co.*, 60 F.2d 92, 94 (6th Cir. 1932)). In short, as the Court of Appeals explained in the recent case of *Hynson v. Jeffries*, "Clear, unambiguous instruments must be construed as written.... [P]arties obviously disagree over . . . meaning, but that fact alone does not render . . . instruments ambiguous." *Hynson v. Jeffries*, 697 So. 2d 792, 795 (Miss. Ct.App. 1997)

(*quoting **Whittington v. Whittington***, 608 So.2d 1274, 1278 (Miss. 1992)).

¶7. Here, without question, the provision at issue clearly and unambiguously states that the coverage only applied to losses occurring within the continental U.S., Canada, or certain parts of Mexico. Clark, however, contends that despite the unambiguous language of this clause, it is nonetheless ambiguous when considered in light of the fact that the promotional material which Clark received from his agent after the accident did not have the exclusion present in it. Clark relies primarily on the case of ***Vogel v. American Warranty Home Service Corporation***, 695 F.2d 877 (5th Cir. 1983).

¶8. ***Vogel*** is inapposite to the facts of this case. ***Vogel*** involved a question of estoppel and not ambiguity. In that case the plaintiff, being unfamiliar with home construction and repair, sought a policy that would pay for necessary repairs. ***Vogel***, 695 F.2d at 879. The promotional brochure that came with the policy stated that all major repairs would be covered, whereas the policy itself contained certain exclusions to the coverage as stated in the brochure. ***Vogel***, 695 F.2d at 880. The exact holding of ***Vogel*** is as follows:

> We conclude that a Mississippi state court would hold an insurer estopped to deny that an insurance contract contains a clause that he represented to be among its terms after the insured relied on that representation. If Vogel can establish by clear and convincing proof that American's agents *fraudulently misrepresented* the terms of American's contract, or by a preponderance of the evidence that, *without fraudulent intent, American's brochure misrepresented the contract and that he relied on that misrepresentation*, the brochure's terms should be considered part of the contract.

***Vogel***, 695 F.2d at 881 (emphasis added).

¶9. The essential element, obviously, was that ***Vogel*** specifically contended that he had *relied* upon the contention that all major repairs would be covered as represented in the brochure.

¶10. Here, however, Clark did not receive the materials without the territorial limitation until well after his accident, and thus could not have relied upon them. More importantly, Clark does not allege in either his complaint, or any document opposing State Farm's motion for summary judgment, that he specifically sought overseas coverage when he was purchasing his policies with State Farm, or that this was his primary reason for deciding to acquire the insurance policies in question. In other words, Clark has not sought to demonstrate that the insurance company in some way represented to him, either through its agent or through some promotional literature, that he would have world-wide coverage when he was buying his policy.

¶11. This Court has stated that:

> When a motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Richmond*, 692 So. 2d at 61(*quoting **Brown v. Credit Ctr., Inc.***, 444 So.2d 358, 364 (Miss. 1984)).

¶12. Clark simply did not present anything demonstrating that there was a triable issue of fact as to

whether the insurance agent, or indeed, even Clark, knew or cared whether there was a territorial exclusion in the contract. The policies were purchased four months before the injuries and nothing connects the purchase of the policies to the travel to Spain. Clark does contend that had he known of the exclusion in the policy, he would not have bought it. This is not the same as alleging that he bought the policy specifically in reliance on having international coverage. Neither the reliance nor the misrepresentation elements of *Vogel* are present in Clark's complaint or supporting documents.

¶13. In conclusion, the terms of the insurance contract clearly and unambiguously limit the scope of coverage to accidents occurring within the U.S., Canada, or 50 miles within Mexico. The trial judge was correct in granting summary judgment to State Farm.

**¶14. AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., NOT PARTICIPATING.**

1. Pedestrians are covered under Section II of the policy.

2. State Farm's brief to this Court discusses at length the proposition that territorial exclusions are not *per se* invalid as against public policy. This Court, however, does not reach this question as Clark did not raise this issue in his brief, but chose to rely solely on his argument that the policy was ambiguous.