# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00078-SCT

*DENNIS LEWALLEN, JR.*

*v.*

*EARNEST E. SLAWSON, JR., AND CAPITAL ELEVATOR COMPANY, INC.*


| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/2000 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CRYMES MORGAN PITTMAN |
| | JOSEPH E. ROBERTS, JR. |
| ATTORNEYS FOR APPELLEES: | REBECCA JORDAN |
| | CHARLES G. COPELAND |
| | B. STEVENS HAZARD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED-03/07/2002 |
| MOTION FOR REHEARING FILED: | 3/21/2002; denied 8/1/2002 |
| MANDATE ISSUED: | 8/8/2002 |

**BEFORE SMITH, P.J., WALLER AND COBB, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Dennis Lewallen, Jr. ("Lewallen") filed a complaint in the Hinds County Circuit Court against Earnest E. Slawson, Jr. ("Slawson") and Capital Elevator Company, Inc. ("Capital") on February 1, 2000. On May 1, 2000, Capital filed a motion for summary judgment, and on May 15, Slawson followed suit. The trial court granted both defendants' motions on November 14, 2000. Aggrieved, Lewallen appeals to this Court.

## FACTS

¶2. This action arises from an automobile accident, which occurred in Lowndes County, Mississippi, on February 1, 1997 at 1:53 a.m. Lewallen and Slawson were both employed by Capital. They traveled to Lowndes County to work on an elevator on behalf of their employer. After arriving in Lowndes County, the accident occurred.

¶3. Lewallen states in his brief that following their arrival in Columbus, the two men checked into a hotel and then unhooked the trailer from the truck in which they had driven. Lewallen next asserts that he and Slawson decided to leave the hotel to locate some food before going to sleep for the night. The accident occurred at 1:53 in the morning, apparently while they were en route to get food.

¶4. Slawson was the driver of the vehicle, which belonged to Capital. The police report states that the truck was traveling east on the highway when it lost control and ran off the roadway where it hit a culvert and overturned. Following the accident, Slawson was charged with driving under the influence of alcohol.[1] He was subsequently convicted of Driving Under the Influence, First Offense, by the Lowndes County Justice Court on February 18, 1997, and fined $582.50. Both men were taken to Baptist Memorial Hospital.

¶5. Lewallen sustained numerous injuries in the accident, including facial scarring, back, neck, hip and knee injuries, and trauma to his left eye. As a result of his injuries, Lewallen filed a workers' compensation claim with the Mississippi Workers' Compensation Commission, identified as MWCC # 97-02081, under which he began receiving benefits on February 14, 1997. Slawson alleges in his brief that he has also received workers' compensation benefits but there is no note of this in the record below. Seeking further compensation, Lewallen filed suit against Slawson and Capital. Specifically, Lewallen states in his complaint that he is seeking judgment against the defendants for "actual damages in an amount which will reasonably and fully compensate him for any and all injuries sustained by him in the accident...and an award of punitive damages in an amount sufficient to punish the Defendants and to deter them from similar conduct in the future together with pre and post judgment interest and all costs of Court." The trial court, however, granted summary judgment to both defendants. Lewallen seeks from this Court a reversal of the trial court's judgment.

## STANDARD OF REVIEW

¶6. This Court applies a de novo standard of review of a lower court's grant or denial of summary judgment. *Hudson v. Courtesy Motors, Inc.*, 794 So.2d 999, 1002 (Miss. 2001); *Jenkins v. Ohio Cas. Ins. Co.*, 794 So.2d 228, 232 (Miss. 2001); *Heigle v. Heigle*, 771 So.2d 341, 345 (Miss.2000). Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure, which states that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact...." *Hudson*, 794 So.2d at 1002; *Jenkins*, 794 So.2d at 232; *Heigle*, 771 So.2d at 345. The burden of demonstrating that no genuine issue of fact exists is on the moving party. *Id*. "The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense...[T]he existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact." *Hudson*, 794 So. 2d at 1002 (quoting *Simmons v. Thompson Mach. of Miss., Inc.*, 631 So. 2d 798, 801 (Miss. 1994)).

## DISCUSSION

¶7. Lewallen asserts a single issue on appeal, which is whether driving under the influence by a co-employee precludes application of the exclusivity provision of the Mississippi Workers' Compensation Act. The exclusivity provision provides that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee...." Miss. Code Ann. § 71-3-9 (2000).

¶8. Lewallen's basic contention is that despite the fact that he has received workers' compensation benefits he is entitled to pursue a civil action against Slawson and Capital for his injuries. He asserts that the exclusivity provision does not cut off his ability to pursue such an action because under case law the nature of Slawson's actions, which resulted in his injuries, operates to exclude his claims from § 71-3-9. He further

cites to Miss. Code Ann. § 71-3-7 (2000) and the laws of other states to support this argument. Slawson and Capital assert that the exclusivity provision applies and that the alleged conduct of Slawson does not activate the exception.

¶9. Capital additionally contends that Lewallen is not appealing the summary judgment grant as it pertains to it. It bases this contention on the fact that Lewallen only mentions Capital as a party at the close of its brief. Capital, however, cites no case law for this argument, and we find it meritless.

¶10. Lewallen acknowledges that § 71-3-9 provides that workers' compensation benefits shall be the exclusive remedy for an employee in most circumstances, and further recognizes that this Court has held that this provision extends to protect co-employees. *McClusky v. Thompson*, 363 So. 2d 256, 264 (Miss. 1978). Lewallen, however, cites to *Miller v. McRae's, Inc.,* 444 So. 2d 368, 371-72 (Miss. 1984) and its progeny for an exception to the exclusivity provision. There are two elements necessary for an injured employee to avoid the Mississippi workers' compensation exclusive liability provision:

> (1) the injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employee's business, and

> (2) the injury must be one that is not compensable under the Act.

*Griffin v. Futorian Corp.*, 533 So. 2d 461, 463-64 (Miss. 1988) (citing *Miller*). If both of these elements are met, then it is appropriate to pursue a claim outside of the confines of the statute. Otherwise, the claimant is only entitled to the compensation provided under the statute.

¶11. We find that there were not enough facts developed below to determine whether Lewallen should be allowed to pursue damages beyond his workers' compensation benefits. The trial judge's grant of summary judgment was premature. We, therefore, reverse the grant of summary judgment as to both defendants and remand this case for additional discovery and further proceedings. *See Smith v. H.C. Bailey Cos.*, 477 So. 2d 224, 232 (Miss. 1985) ("completion of discovery is desirable and necessary before a court can determine that there are no genuine issues as to the material facts.").

¶12. **REVERSED AND REMANDED**.

> **PITTMAN, C.J., McRAE, P.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**

1. There is no finding in the record of how intoxicated Slawson was. On the ticket he was issued, the officer checked the box beside the statement "under the influence of intoxicating liquor." The boxes next to particular blood alcohol level findings were left blank.