943 So.2d 729 (2006)
James Steven STEWART and Renee Stewart, Appellants
v.
LOFTON TIMBER COMPANY, LLC and Georgia Pacific Corporation, Appellees.
No. 2005-CA-01396-COA.
Court of Appeals of Mississippi.
November 7, 2006.
*732 Jennifer P. Burkes, Gulfport, attorney for appellants.
Cecil Maison Heidelberg, Ridgeland, attorney for appellees.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On February 12, 2004, Cleansy Barksdale ran a stop sign at the intersection of Highway 19 and Highway 35 in Attala County and the loaded logging truck he was driving collided with James Steven Stewart's pick-up truck. Stewart suffered serious injuries. The logging truck then rolled over onto another car stopped at the intersection killing two of the four individuals inside.
¶ 2. The logging truck driven by Barksdale was owned by Albert Nickerson, d/b/a Nickerson Trucking. Barksdale had been hired to take a load of wood from Lofton Timber Company's storage facility to a mill owned by Georgia Pacific in Monticello, Mississippi. Late in the day Barksdale decided to return to Nickerson's house, where Nickerson kept his trucks, to park for the evening. The accident occurred while Barksdale was en route to Nickerson's house.
¶ 3. Georgia Pacific was using Lofton Timber's site as a warehouse for timber and pulpwood. Lofton referred to the facility as a "bank" for the wood. When Georgia Pacific got ready for the wood, a request would be made with Lofton for the wood to be delivered to various mills in the state where it was needed. Lofton did not own its own trucks but contracted drivers or companies such as Nickerson to haul the wood. A written "hauling contract" and a "loading, unloading, storing, and watering contract" detailing the duties of the parties was entered into by Georgia Pacific and Lofton. There was no contract or dealings between Georgia Pacific and Nickerson. Details of the employment relationship will be addressed further as relevant.
¶ 4. Stewart and his wife, Renee, filed a complaint on June 28, 2004, in Attala County Circuit Court against Cleansy Barksdale; Albert Nickerson, individually and d/b/a Nickerson Trucking; Lofton Timber Company, LLC; Georgia Pacific Corp.; Charles Donald, individually and d/b/a Charles Donald Pulpwood, Inc.; and John Doe Defendants A-D. The complaint alleged gross negligence against Barksdale and vicarious liability and/or liability under the doctrine of respondeat superior against the remaining defendants. Defendants Charles Donald and Charles Donald Pulpwood, Inc., were later dismissed without prejudice.
¶ 5. Lofton Timber and Georgia Pacific moved for summary judgment asserting that no basis existed to find vicarious liability since Nickerson was acting as an independent contractor. The Stewarts then filed a motion for partial summary judgment asserting that Nickerson Trucking was acting as an employee of Lofton Timber. The circuit court granted summary judgment for Lofton and Georgia Pacific holding Nickerson Trucking solely responsible for the accident. The Stewarts then filed a motion for reconsideration and to alter or amend the judgment which was denied by the circuit court.
¶ 6. The Stewarts bring two issues on appeal: (1) the trial court erred in granting summary judgment in favor of Lofton Timber, and (2) the trial court erred in granting summary judgment in favor of Georgia Pacific.

STANDARD OF REVIEW
¶ 7. This Court applies a de novo standard of review to a grant of summary judgment by the lower court. Hudson v. *733 Courtesy Motors, Inc., 794 So.2d 999, 1002(¶ 7) (Miss.2001). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).
¶ 8. "The evidence must be viewed in the light most favorable to the party against whom the motion has been made." Russell v. Orr, 700 So.2d 619, 622(¶ 8) (Miss. 1997). The moving party bears the burden of demonstrating that no genuine issue of material fact exists. Lewallen v. Slawson, 822 So.2d 236, 237(¶ 6) (Miss.2002). "The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense." Hudson, 794 So.2d at 1002(¶ 7) (citing Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985)).

DISCUSSION
I. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT TO LOFTON TIMBER?
¶ 9. The Stewarts argue that summary judgment for Lofton Timber was inappropriate because a factual question exists as to whether Nickerson was an employee of Lofton rather than an independent contractor, or, in the alternative, that Nickerson's relationship with Lofton was a joint venture. The Stewarts further argue that they will be denied an adequate remedy at law if Nickerson is the only defendant.
1. Did a genuine issue of material fact exist as to whether Nickerson was an independent contractor for Lofton Timber?
¶ 10. The determination of whether a person is an independent contractor or an employee depends upon the power of control which the employer is entitled to exercise over the person in question. Richardson v. APAC-Mississippi, Inc., 631 So.2d 143, 147 (Miss.1994). "An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." Id. at 148 n. 3.
¶ 11. The factors to be considered to determine if a person is an independent contractor or employee are (1) whether the principal master has the power to terminate the contract at will; (2) whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment; (3) whether he furnishes the means and appliances for the work; (4) whether he has control of the premises; (5) whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output; (6) whether he has the right to prescribe and furnish the details of the kind and character of work to be done; (7) whether he has the right to supervise and inspect the work during the course of the employment; (8) whether he has the right to direct the details of the manner in which the work is to be done; (9) whether he has the right to employ and discharge the subemployees and to fix their compensation; and (10) whether he is obliged to pay the wages of said employees. Id. at 148-49.
¶ 12. Nickerson was under no contractual obligation to haul for Lofton. If drivers came to the wood yard and did not like the price Lofton was paying to haul lumber then they were free to leave. *734 Nickerson used his own trucks to haul the lumber. Lofton had control over the wood yard where the timber was stored but had no control over Nickerson's trucks. The equipment used to load the trucks was supplied by Lofton. The trucks that hauled the wood, the ultimate job in question, were owned by Nickerson. Lofton did not inspect Nickerson's trucks or do background checks on the drivers. Nickerson's employees mapped their own routes. When the load arrived at the Georgia Pacific mill the driver dealt with the mill employees concerning the unloading of the wood. Nickerson decided how many loads to haul and how much timber to load on each truck; Lofton only made sure the loads were not over the legal weight limit. Nickerson's drivers were responsible for making sure the wood was properly bound on the truck.
¶ 13. Lofton did not hire or fire Nickerson's employees or set their salaries. No evidence in the record suggests that Lofton was obligated to pay the wages of Nickerson's employees. Lofton provided Nickerson with a 1099 form. Lofton did not provide Nickerson or his employees workers' compensation insurance. Lofton issued checks on Fridays but did not require that work tickets be turned in at any certain time.
¶ 14. The Stewarts argue, for example, that an employer-employee relationship existed because Nickerson, when acting on its own, always overloaded his trucks, but Lofton would not allow trucks to be overloaded. Not allowing a truck to be illegally overloaded is not a demonstration of control so great as to make Nickerson an employee rather than an independent contractor. The control exercised by Lofton was not enough to make Nickerson an employee rather than an independent contractor. As the Stewarts argue, the right of control, rather than the actual control exercised, should be the determining factor. Lofton exercised control over its own facility but not over Nickerson's trucks. The ultimate job of hauling the wood from Lofton's facility to Georgia Pacific was not under Lofton's right of control.
¶ 15. Lofton's main concern was that the timber reached the Georgia Pacific mill. Lofton would advise Nickerson as to which Georgia Pacific mill to haul lumber, but otherwise was not concerned with the details of the transport. An employer is one who exercises control over the details of employment. No control was evidenced in this case sufficient to find an employer/employee relationship. Therefore, the trial court's grant of summary judgment finding that Nickerson was an independent contractor is affirmed.
2. Were Nickerson and Lofton joint venturers?
¶ 16. The Stewarts' argument that Nickerson and Lofton were joint venturers is unfounded. A joint venture is broadly defined as "an association of persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, efforts, skill and knowledge." Pittman v. Weber Energy Corp., 790 So.2d 823, 826(¶ 10) (Miss.2001) (citing Hults v. Tillman, 480 So.2d 1134, 1143 (Miss.1985)). The enterprise must be for the parties' mutual benefit with an understanding that they are to share in profits or losses and each have a voice in its management. Id. The relationship depends upon the parties' actual intention, and such relationship arises only when they intend to associate themselves as such. Id. at 827(¶ 10).
¶ 17. The Stewarts argue that a joint venture existed because Nickerson provided the truck and labor and shared the money paid by Georgia Pacific. No evidence was presented that this was an *735 enterprise entered into to share profits and losses nor was there any evidence that either company had any voice in the management of the other. The two operated as completely separate businesses. Nickerson was just one of the independent trucking companies Lofton contracted with to haul wood off its lot.
3. Will the Stewarts be denied an adequate remedy at law if Lofton is not a party defendant?
¶ 18. When a contract is made between two parties that as between themselves creates an independent contractor relationship and involves employment generally performed under a simple master/servant or employer/employee relationship, it will be upheld as between the parties. Richardson, 631 So.2d at 150. When, however, third parties are adversely affected, this Court will carefully scrutinize the contract to see if public policy should permit the transformation of an ordinary employer/employee relationship into that of an independent contractor. Id. "A necessary condition precedent for the application of this factor, however, is that the party challenging the claimed relationship will be adversely affected, and denied an adequate legal remedy. In the absence of this, the right of parties to contract as they please is a constitutionally-protected right." Id.
¶ 19. The Stewarts argue that they will be denied an adequate remedy if they can only recover from Nickerson, and, therefore, Lofton should be a party defendant in the interests of public policy. Nickerson carried insurance with a policy limit of $100,000. The Stewarts argue that this in no way can satisfy a judgment in this case since Mr. Stewart's medical bills alone exceed $100,000.
¶ 20. While unfortunate for the Stewarts, this argument fails for two reasons. First, no written contract existed characterizing the employment relationship. Second, the Fifth Circuit in McKee v. Brimmer, 39 F.3d 94, 98 (5th Cir.1994), explained that the public policy factor from Richardson only becomes "an issue when the relationship between the alleged employer and the alleged employee would `ordinarily' be characterized as that of an employer/employee, but they have a contract which defines their relationship as that of independent contractors." Since this relationship is not one that would ordinarily be characterized as employer/employee, and there is no evidence of an attempt to control Nickerson through a written contract or otherwise, the Stewarts' public policy argument fails.
II. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT TO GEORGIA PACIFIC?
¶ 21. The Stewarts argue that summary judgment for Georgia Pacific was inappropriate because a factual question exists as to whether Lofton Timber was an employee of Georgia Pacific rather than an independent contractor or, in the alternative, that Lofton's relationship with Georgia Pacific was a joint venture. The Stewarts further argue that they will be denied an adequate remedy at law if Nickerson is the only defendant.
¶ 22. Having found that Nickerson is not an employee of Lofton, there is no need to determine if a jury question exists as to whether Lofton was an employee of Georgia Pacific. If Lofton is not vicariously liable for the acts of Nickerson, then Georgia Pacific cannot be held vicariously liable for the acts of Nickerson acting through Lofton.
¶ 23. After a thorough de novo review of this matter, we affirm the circuit court's grant of summary judgment.
*736 ¶ 24. THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.