CARLTON, J.,
 

 for the Court.
 

 ¶ 1. This appeal arises from an order granting summary judgment in favor of Progressive Gulf Insurance Company, Inc. (Progressive). The trial court found that a policy of automobile insurance issued by Progressive to Lofton Timber Company (Lofton) did not provide any coverage for the independent contract hauler, Albert Nickerson d/b/a Nickerson Trucking (Nickerson Trucking), or Nickerson’s driver, Cleansy Barksdale (Barksdale). Finding no error, we affirm.
 

 
 *957
 
 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On February 12, 2004, Barksdale ran a stop sign at an intersection in Attala County, Mississippi and crashed into a vehicle occupied by Shannon and Jana Lewis; their infant son, William Robertson Lewis; and Dorothy Robertson. William Lewis and Dorothy Robertson died as a result of the accident. The logging truck Barksdale was driving was owned by Nick-erson Trucking. Barksdale had been hired by Nickerson Trucking to take a load of wood from Lofton’s storage facility to a mill owned by Georgia Pacific in Monticello, Mississippi. The accident occurred while Barksdale was en route to Nicker-son’s house to park the logging truck.
 

 ¶ 3. The wrongful death beneficiaries, Shannon and Jana Lewis, initially filed suit against Barksdale, Nickerson Trucking, Georgia Pacific, Lofton, Charles Donald, Jr., and Charles Donald Pulpwood, Inc. The Lewises later amended their complaint to add Progressive, asking the court to declare that the automobile insurance policy Progressive issued to Lofton also covered Barksdale and Nickerson Trucking.
 
 [1]
 
 None of Nickerson Trucking’s vehicles were listed on the Lofton insurance policy, and Barksdale was not listed as an insured driver on the Lofton insurance policy.
 

 ¶ 4. In the Lewises’ November 18, 2004, complaint, the Lewises sought a declaratory judgment that Progressive had issued an insurance policy to Lofton with a policy limit of $1,000,000 that covered “not only [Lofton], but also Nickerson Trucking and/or one or more of the other named defendants by way of its terms and conditions.” Progressive filed a motion for summary judgment on August 22, 2007.
 

 ¶ 5. On April 9, 2008, the trial court granted Progressive’s motion for summary judgment. The trial court found that Lof-ton was not renting the Nickerson truck on the date of the accident. The trial court explained its order granting summary judgment as follows:
 

 Lofton hired Nickerson to provide them with a service; that service being one of hauling logs. While Nickerson had to have a driver, truck and trailer to accomplish this task, it was the service of hauling the logs that Lofton had contracted for with Nickerson, and not a truck rental. Finally, the plaintiffs have provided no evidence ... that would show that the Nickerson truck was a “hired auto” under the terms of the insurance policy issued by Progressive.
 

 ¶ 6. The Lewises now appeal alleging that the Nickerson truck driven by Barksdale at the time of the accident was a “hired auto” under the hired-auto provision of Lofton’s commercial automobile insurance policy with Progressive; therefore, the trial court erred when it granted summary judgment in favor of Progressive.
 
 [2]
 
 Finding no error, we affirm.
 

 
 *958
 
 STANDARD OF REVIEW
 

 ¶7. We apply a de novo standard of review to a grant of summary judgment by the trial court.
 
 Hudson v. Courtesy Motors, Inc., 794
 
 So.2d
 
 999,
 
 1002(7) (Miss. 2001). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). “The evidence must be viewed in the light most favorable to the party against whom the motion has been made.”
 
 Northern Elec. Co. v. Phillips,
 
 660 So.2d 1278, 1281 (Miss.1995).
 

 ¶ 8. “The burden of demonstrating that no genuine issue of fact exists is on the moving party.”
 
 Lewallen v. Slawson,
 
 822 So.2d 236, 238(6) (Miss.2002) (citation omitted). “The presence of fact issues in the record does not per se entitle a party to avoid summary judgment.”
 
 Id.
 
 “The existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.”
 
 Id.
 
 (citation omitted).
 

 WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO LOFTON
 

 ¶ 9. On February 12, 2004, the date of the accident, Lofton had an automobile liability insurance policy issued by Progressive. Neither Barksdale nor Nicker-son Trucking were listed as insured drivers or entities in the policy. However, the Lewises argue that the Nickerson truck is covered under the portion of the policy that is titled, “Hired Auto Coverage.” That portion of the policy states the following:
 

 1. The definition of your Insured auto includes hired autos. Such insurance applies to:
 

 a. You, as rentee of such auto, in the same manner as if you were the owner, and
 

 b. each of the following, as Insureds:
 

 (i) the owner of such auto
 

 (ii) any lessee of [whom] you are a sub-lessee
 

 (iii) any agent or employee of such owner or lessee,
 

 while such auto is being used in your business by you or for personal or pleasure purposes.
 

 2. When used in this endorsement, “hired auto” means an auto which is not owned by you, registered in your name, or borrowed from your employees and which is obtained under a short-term rental agreement not to exceed thirty (30) days.
 

 3. The Insurance provided by this en-’ dorsement is excess over any other valid and collectible insurance whether primary, excess, or contingent.
 

 4. “Cost of Hire” is the total amount paid by you for the hire of automobiles including charges for services performed by motor carriers of property or passengers which are subject to the compulsory require
 
 *959
 
 ments of any motor carrier law or regulation.
 

 5. The premium for this hired auto coverage is based on cost of hire, and is subject to a minimum cost of hire as listed below. We may audit the cost of hire and bill for additional premium; for up to three years after the policy inception.
 

 Progressive argues that under the terms of the “hired auto” policy, the Nickerson truck was not covered because there was no short-term rental agreement between Lofton and Nickerson Trucking.
 

 ¶ 10. The Lewises argue that even though “Nickerson/Barksdale may have been an independent contractor,” Lofton had “rented” the Nickerson truck involved in the accident. The Lewises reason that “Lofton hired Nickerson/Barksdale on a job-by-job basis”; therefore, “every time Nickerson/Barksdale hauled logs for Lof-ton[,] the Nickerson/Barksdale vehicle was being operated under a ‘short-term rental agreement.’ ” The Lewises state that the term “short-term rental agreement” was not defined anywhere in the policy and that the policy contained no requirement of a written rental agreement. From this proposition, the Lewises leap to the conclusion, without citing any case law, that “[tjhus, the vehicle being driven by Barks-dale was a ‘hired auto’ as defined by the policy.”
 

 ¶ 11. The present appeal is a companion case to
 
 Stewart v. Lofton Timber Co., LLC,
 
 943 So.2d 729 (Miss.App.2006). Although the plaintiffs in this case are now the Lewises, and the only defendant is now Progressive,
 
 Steivart
 
 addressed the facts surrounding the same accident and the same relationships among Georgia Pacific, Lofton, and Nickerson Trucking.
 
 Id.
 
 at 732(1-6). In
 
 Stewart,
 
 we held that Nickerson Trucking was an independent contractor, hired by Lofton to haul logs to Georgia Pacific.
 
 Id.
 
 at 734(15). “An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other’s right to control with respect to his physical conduct in the performance of the undertaking.”
 
 Id.
 
 at 733(10) (citation omitted).
 

 ¶ 12. To begin our analysis, we now turn to the basic principles in analyzing contracts between individuals and insurance companies. Before recovery is warranted, we must decide whether the individual is an insured under the insurance contract.
 
 See Meyers v. Am. States Ins. Co.,
 
 914 So.2d 669, 676(21) (Miss.2005) (citations omitted). “The central factor in making this determination, which involves a question of law for this Court to resolve, is whether the policy provision under review is ambiguous.”
 
 J &W Foods Corp. v. State Farm Mut. Auto. Ins. Co.,
 
 723 So.2d 550, 552(7) (Miss.1998). “If this Court finds an insurance policy ambiguous, we must necessarily find in favor of coverage.”
 
 Id.
 

 ¶ 13. “The initial question of whether the contract is ambiguous is a matter of law, while the subsequent interpretation of an ambiguous contract is a finding of fact.”
 
 Phillips v. Enter. Transp. Serv. Co.,
 
 988 So.2d 418, 421(13) (Miss.Ct.App.2008) (citing
 
 Clark v. State Farm Mut. Auto. Ins. Co.,
 
 725 So.2d 779, 781(5) (Miss.1998)). “If a contractual term is unambiguous and not subject to interpretation, then it will be enforced as written, without attempting to surmise some ‘possible but unexpressed intent of the parties.’ ”
 
 Id.
 
 (citation omitted). “The fact that parties may disagree over the meaning of a contractual term does not, by itself, render that term ambiguous.”
 
 Id.
 
 (citation omitted).
 

 
 *960
 
 ¶ 14. This Court will construe the provisions of an insurance contract strongly against the drafter.
 
 J & W Foods Corp.,
 
 723 So.2d at 552(8) (citation omitted). We will interpret and construe an insurance policy liberally in favor of the insured.
 
 Id.
 
 (citation omitted).
 

 ¶ 15. The evidence presented in this case indicates that the vehicle involved in the accident was owned by Nickerson Trucking, not by Lofton. Lofton’s agreement with Nickerson Trucking represented a contract for services, specifically the hauling of wood. No agreement existed between Nickerson Trucking and Lofton for the purchase, lease, rental, or hiring of the specific Nickerson truck in question or of any other vehicle owned by Nickerson Trucking. Furthermore, in granting summary judgment to Progressive, the trial court found Nickerson Trucking to be an independent contractor of Lofton, not one of its employees, and the Lewises admit this finding in their brief.
 

 ¶ 16. Upon reading the language of Progressive’s insurance policy, we find, as a matter of law, no ambiguity with the term “hired auto.”
 
 See Phillips,
 
 988 So.2d at 423(25) (finding that there was no ambiguity in the phrase “hired auto” and that the automobile involved in the accident was not a “hired auto” within the plain meaning of that phrase and that the contract at issue was for the services of an independent contractor and that the contracting did not cover the transportation services of an independent contractor). As defined in the policy, a “hired auto” was an automobile that Lofton leased, hired, rented, or borrowed. In this case, Lofton did not “hire” the “auto” that was involved in the accident.
 

 ¶ 17. Lofton did, however, “hire” the “services” of Nickerson Trucking, which incidentally included the use of the truck that was involved in the accident. There was also no indication that Lofton had any control over which truck Nickerson Trucking used to haul wood from Lofton’s facility to the Georgia Pacific mill. Barksdale, the driver of the truck involved in the accident, was an employee of Nickerson Trucking, not an employee of Lofton. Furthermore, aside from designating pickup and drop-off locations, Lofton had no control over the methods or routes used by Nickerson Trucking to haul wood. Nick-erson Trucking owned its own trucks, hired its own drivers, provided its own insurance, and controlled all operations of its business.
 

 ¶ 18. “Interpreting a Mississippi insurance contract, the Fifth Circuit noted that courts have recognized that ‘[f]or a vehicle to constitute a hired automobile, there must be a separate contract by which the vehicle is hired or leased to the named insured for his exclusive use or control.’ ”
 
 Phillips,
 
 988 So.2d at 422(22) (quoting
 
 Sprow v. Hartford Ins. Co.,
 
 594 F.2d 418, 422 (5th Cir.1979));
 
 see also Toops v. Gulf Coast Marine, Inc.,
 
 72 F.3d 483, 487-88 (5th Cir.1996) (stating that “for a vehicle to constitute a hired automobile, there must be a separate contract by which the vehicle is hired or leased to the named insured for his exclusive use or control” and that the hired vehicle must also be under the named insured’s exclusive use or control) (citation omitted). The evidence in this case reflects that Lofton had no control over Nickerson Trucking’s operations, and Lofton did not use or control any of Nick-erson Trucking’s vehicles. Again, no agreement or contract existed between Lofton and Nickerson Trucking providing that Lofton would acquire any control over Nickerson Trucking’s vehicles.
 

 ¶ 19. Taking the evidence in a light most favorable to the Lewises, the evidence reflects that the truck was owned by Nickerson Trucking, driven by Barks-
 
 *961
 
 dale — a Nickerson Trucking employee— and covered by separate insurance that was provided by Nickerson Trucking.
 
 See J &W Foods Corp.,
 
 723 So.2d at 552(8). Nickerson Trucking was an independent contractor of Lofton, and Lofton did not use or control the truck in question or any other vehicle owned by Nickerson Trucking.
 
 See Toops,
 
 72 F.3d at 487-88. As the phrase “hired auto” was defined in the Progressive insurance policy, the trial court was correct in finding that under controlling ease law that Lofton did not lease, hire, rent, or borrow the truck involved in the accident from Nickerson Trucking. The trial court also found that no evidence was presented to show that Barksdale was someone that was using a covered “auto” that Lofton owned, hired, or borrowed; therefore, Barksdale was not an “insured” as defined by the policy. Accordingly, we find that the trial court did not err in granting Progressive’s motion for summary judgment, and we affirm that judgment.
 

 ¶ 20. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . The Attala County Circuit Court found that the Lewises had acknowledged the affirmation of summary judgment on November 7, 2006, in favor of Lofton and Georgia Pacific in
 
 Stewart v. Lofton Timber Co., LLC,
 
 943 So.2d 729, 735 (21-23) (Miss.Ct.App.2006) and that they were collaterally estopped from recovering against Georgia Pacific and Lofton on the theories of respondent superior, vicarious liability, and joint venture. Progressive is now the only defendant in this matter.
 

 [2]
 

 . The Lewises also argue as a sub-issue that the trial court prematurely ruled on Progressive’s motion for summary judgment because the Lewises should have been given the opportunity to depose Progressive’s corporate representative before any motion for summary judgment was ruled upon. However, the Lewises fail to demonstrate how any information from Progressive’s corporate representative would have enabled them to develop their case any further. Moreover, we find that under our current case law and the facts
 
 *958
 
 of the case, further discovery would not have aided the Lewises in avoiding an adverse rendering of summary judgment.
 
 See Powe v. Roy Anderson Constr. Co.,
 
 910 So.2d 1197, 1205(25) (Miss.Ct.App.2005) (stating that summary judgment was not premature, even though the appellants claimed that they "did not yet have sufficient time to conduct discovery on outstanding fact issues” when law was clearly decisive on the outcome of the case);
 
 of. Malone v. Aetna Cas. and Sur. Co.,
 
 583 So.2d 186, 187 (Miss.1991) (reversing the trial court’s granting of motion for summary judgment for Aetna when beneficiaries had not been provided reasonably sufficient time to develop their theory of liability).