BARNES, J.,
for the Court:
¶ 1. Donna and Dalton Duncan filed a complaint against Forrest General Hospital (FGH), alleging medical negligence. The Forrest County Circuit Court granted summary judgment in favor of FGH. As the Duncans failed to show that a genuine issue of material fact exists as to FGH’s negligence, we affirm the judgment.
*127 SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On November 30, 2001, Ms. Duncan was undergoing a procedure at FGH to treat kidney stones. The procedure was performed on a “Hydrajust IV, Hydra Vision Urology System,” more commonly known as a fluoro table. During the procedure, the surgical physician, Dr. David Stout, determined that the table was malfunctioning and shut the table down. Dr. Stout ordered that Ms. Duncan be moved to another operating room to complete her surgery.
¶ 3. The Duncans filed a medical negligence complaint against FGH on April 29, 2003. Specifically, the complaint alleged that FGH was negligent for failing to “double sheet” the table, and this failure allowed water to enter the table and caused the table to malfunction. The Dun-cans asserted that as a proximate result of this failure, they incurred damages for pain and suffering, emotional and mental trauma, loss of wages, and disfigurement. Mr. Duncan also alleged loss of consortium.
¶ 4. On June 20, 2005, FGH filed a motion for summary judgment, which the court granted on January 11, 2012. The Duncans’ subsequent motion for reconsideration was denied, and they now appeal. Finding no genuine issue of material fact exists that FGH was negligent, we affirm the circuit court’s grant of summary judgment.
STANDARD OF REVIEW
¶ 5. A circuit court’s grant or denial of a motion for summary judgment is reviewed de novo. McCullar v. Boyd Tunica, Inc., 50 So.3d 1009, 1011 (¶ 9) (Miss.Ct.App.2010)(citing Lewallen v. Slawson, 822 So.2d 236, 237 (¶ 6) (Miss.2002)). “Summary judgment is proper ‘if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Id. (quoting M.R.C.P. 56(c)).
DISCUSSION
¶ 6. The Duncans’ sole issue on appeal is that the circuit court erred in granting FGH’s motion for summary judgment, finding that res ipsa loquitur did not apply to this case. “Res ipsa loquitur, meaning literally ‘the thing speaks for itself,’ is a circumstantial-evidence doctrine allowing the jury to draw an inference of the defendant’s negligence.” McCullar, 50 So.3d at 1014 (¶ 22) (citing Austin v. Baptist Mem’l Hosp.-N. Miss., 768 So.2d 929, 932 (¶ 10) (Miss.Ct.App.2000)). In order to invoke the doctrine, “the plaintiff must establish the thing that caused the injury.” Huynh v. Phillips, 95 So.3d 1259, 1262 (¶ 7) (Miss.2012) (quoting 65A C.J.S. Negligence § 867 (2012)). There are three elements that must be shown to establish a res ipsa loquitur claim. These elements are:
1) the instrumentality causing the damage was under the exclusive control of the defendant,
2) the occurrence was such that in the ordinary course of things it would not have happened if those in control of the instrumentality used proper care, and
3) the occurrence was not due to any voluntary act on the part of the plaintiff.
Id. (citing Coleman v. Rice, 706 So.2d 696, 698 (¶ 10) (Miss.1997)).
¶ 7. The operative report from Ms. Duncan’s surgery stated: “While attempting to find this stone, the fluoro operating table malfunctioned and had to be turned off to prevent electrocution or shock due to prob *128 ably water getting in the table.... It was then decided to abort further efforts ... because of the malfunctioning table and inadequate C-arm visualization.” . The report further stated that this problem resulted in the procedure taking “an excessive amount of time,” but also noted that Ms. Duncan “tolerated this well.”
¶ 8. The complaint alleged that several months after her surgery, Ms. Duncan was “told by one of the nurses at FGH that someone had failed to double sheet the operating table and that caused the problem in her operating room.” However, the Duncans never identified the nurse who allegedly admitted liability on the part of FGH. They also admit that there was no evidence that the table had malfunctioned prior to this incident, or that whatever malfunction happened during the surgery “could not be replicated.”
¶ 9. After the aborted surgery, maintenance was notified of a potential problem with the table. Kenneth Carlisle, the FGH maintenance worker who performed troubleshooting on the table, found no problems. He testified as to how the table works:
Q. Do I understand correctly that the Hydrajust IV is a machine that is waterproof so that water supposedly cannot get into the machine?
A. Yes, sir.
Q. Why is it waterproof, Mr. Carlisle?
A. I don’t know if you would call it waterproof. I know water is not supposed to get into the machine.
[[Image here]]
The doctor stated that it’s due to probable water getting into the system. That’s — I deal with probabilities every day with science technology. The probability is not that water got into the system. It’s a possibility, yes, but it’s not probable. Probable is the system might have malfunctioned. I did not indicate that when I checked it out. So probability is false. I cannot agree with that, that water got into the system.
(Emphasis added). Carlisle concluded that the only way for water to get into the table was for someone to “malicious[ly]” insert the water via a tube into the x-ray cassette portion of the table. . The Dun-cans have made no claim to this effect.
¶ 10. FGH’s expert witness, Dr. Raju Thomas, testified in an affidavit that “[t]he fluoro tables do not require ‘double sheeting’ ... as alleged by plaintiffs” and that it is common for bodily fluids to get on the table, but that they do not “create electrical shock.” Dr. Thomas concluded that there was no breach of the standard of care as it related to the operation of the table.
While inferences of negligence may be drawn from circumstantial evidence, those.inferences must be the only ones which reasonably could be drawn from the evidence presented, and if the circumstantial evidence presented lends itself equally to several conflicting inferences, the trier of fact is not permitted to select the inference it prefers, since to do so would be the equivalent of engaging in pure speculation about the facts.
McCullar, 50 So.3d at 1014 (¶ 23) (quoting Miss. Valley Gas Co. v. Estate of Walker, 725 So.2d 139, 145 (¶ 21) (Miss.1998) (overruled on other grounds)).
¶ 11. The Duncans provided no expert testimony to support their claim that FGH deviated from the standard of care. The only evidence that the table “malfunctioned” during the surgery is contained in the notes from the operation and from Ms. Duncan’s testimony that her doctor and an unidentified -nurse told her that the table malfunctioned. As already noted, the maintenance technician, Carlisle, found no problem with the table after completing a system check post-surgery. As FGH notes in its brief:
*129 Duncan provided no standard of care to be met by FGH, no admissible evidence of any breach of any standard of care, no evidence showing the alleged breach of any standard of care which caused her injury, and no evidence of any damages in this case. Duncan never even offered any evidence or explanation of what “double sheeting” or “double skirting” was, much less that it was ever practiced in connection with the use of fluoro tables.”
[[Image here]]
Duncan produced nothing in opposition to the opinions of Dr. Thomas. Instead Duncan essentially chose to rely upon the allegations of her pleadings and to direct the trial Court’s attention to the unsworn operative report of Dr. Stout, which is pure hearsay and incompetent in opposition to summary judgment.
¶ 12. Accordingly, we find that the Duncans have failed to prove that the alleged fluoro table malfunction would not have allegedly occurred but for negligence on the part of FGH, and we agree with the circuit court that the elements of res ipsa loquitur were not met. Without the application of that doctrine, there is no evidence of FGH’s negligence for a jury to consider, and summary judgment for FGH was appropriate.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.